ROBERT H. McCARTER, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, v. IMPERIAL TRUSTEE COMPANY.

Submitted December 1, 1904—Decided February 27, 1905.

A certificate of incorporation filed under the act concerning corporations (Revision of 1896) cannot include powers of a banking corporation, or those of a trust company, or such as are intended to derive profit from the loan and use of money.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the demurrant, *Robert H. McCarter,* attorney-general.

For the defendant, *Frank Runyon* and *William T. Hoffman.*

The opinion of the court was delivered by

GARRETSON, J. The attorney-general filed an information against the Imperial Trustee Company, alleging, among other things, that under and by virtue of the act concerning corporations (Revision of 1896), and the supplements thereto, the defendant having caused to be recorded in the clerk's office of the county of Camden a certain paper writing purporting to be a certificate of incorporation, did cause the same to be filed in the office of the secretary of state February 21st, 1899, and did therein claim the right to negotiate loans, and to lend moneys, to draw, accept, endorse, discount, buy, sell and deal in bills of exchange, promissory notes, bonds, debentures, coupons and other negotiable instruments and securities; to issue on commission, subscribe for, take, acquire and hold, sell, exchange and deal in shares, stocks, bonds, obligations or securities of any government authority or corporation; to form, promote, subsidize and assist companies, syndicates and partnerships of all kinds; to audit, examine and report upon and adjust accounts and financial conditions of corporations, firms and individuals; to act as trustee for persons, firms and corporations in the issue of bonds, mortgages and other capacities, and act as registrar of stocks and bonds of a corporation; and generally to carry on and undertake any business undertaking, transaction or operation commonly carried on or undertaken by capitalists, promoters, financiers, concessionaires, contractors for public and other works, merchants and any other business which

may seem calculated, directly or indirectly, to effectuate these objects; and ever since said 21st day of February, 1899, have exercised the right to do and perform each and all of the above-named franchises and privileges as a body corporate, unlawfully and without any warrant, lawful charter, incorporation or other authority whatsoever.

The information contained other accounts which are not involved in this consideration.

To this count the defendant pleaded that they admit the filing of the certificate of incorporation as set out in the information, and did therein claim the right to negotiate loans, &c., as stated in the information, and that ever since the 21st day of February, 1899, they have exercised the right to do and perform each and all of the above-named franchises and privileges as a body corporate, but they deny that they are exercising and performing said franchises and privileges unlawfully and without any warrant, lawful charter, incorporation or authority whatsoever.

To this plea the attorney-general demurred, upon the following grounds:

*First.* Said plea sets up no legal defence to said information.

*Second.* That under and pursuant to the provisions of an act of the legislature of the State of New Jersey, entitled "An act concerning corporations" (Revision of 1896), the said defendant was incompetent to acquire the power to exercise the franchises and to perform and carry out all and every the matters and things set out in the certificate of said defendant company.

*Third.* Because the matters and things which the said defendant company claims to be authorized to transact and is transacting under and by virtue of its said charter are unlawful and *ultra vires*.

*Fourth.* Because the act of the legislature of the State of New Jersey, entitled "An act concerning corporations" (Revision of 1896), does not authorize or sanction the incorporation of a company to do and perform the acts and exercise

the franchises set out in the charter of said defendant company and in said plea.

Section 6 of "An act concerning corporations" (Revision of 1896) (*Pamph. L., p.* 277), under which the defendant was incorporated, authorizes the formation of corporations set forth and the purposes for which they may be formed, and contains this proviso: "*Provided,* that nothing herein contained shall authorize the formation of any insurance, safe deposit or trust company, *banking corporation,* savings bank or other corporation intended to derive profit from the loan and use of money," &c.

Section 3 of the same act provides: "No corporation created or to be created shall by any implication or construction be deemed to possess the power of discounting bills, notes or other evidences of debt, of receiving deposits of money, of buying and selling bills of exchange or of issuing bills, notes or other evidences of debt upon loan or for circulation as money unless such corporation is or shall be expressly incorporated for banking purposes, or unless such powers are or shall be expressly given in its charter."

This section is a regulation of and limitation upon all corporations, and is not confined to corporations created under the act of 1896. It indicates what shall be banking purposes, but it cannot be held to authorize the formation of corporations for banking purposes under that act, in view of the positive prohibition contained in the sixth section of the same act, *supra.*

Many of the powers mentioned in the defendant's certificate of incorporation are those of a banking corporation or are used for banking purposes, and so cannot be included in a certificate of incorporation under the act of 1896. Other powers in this certificate are such as are intended to derive profit from the loan and use of money, and so within the prohibition of the sixth section, *supra.*

The sixth section also contains a prohibition against the formation of any trust company under it. The defendant's certificate of incorporation authorizes the defendant "to act

as trustee for persons, firms and corporations in the issue of bonds, mortgages and other capacities," and this seems to be within the prohibition as to trust companies.

Judgment for attorney-general upon the demurrer.