MUTUAL SAVINGS AND LOAN COMPANY, INC., OF NORFOLK, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101321.    Promulgated August 8, 1941.

*James Mann, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

## OPINION.

SMITH: The question presented by this proceeding is whether the petitioner is a bank within the purview of section 104 (a) of the Revenue Act of 1936, which provides:

As used in this section the term "bank" means a bank or trust company incorporated and doing business under the laws of the United States (including laws relating to the District of Columbia), of any State, or of any Territory, a substantial part of the business of which consists of receiving deposits and making loans and discounts, or of exercising fiduciary powers similar to those permitted to national banks under section 11 (k) of the Federal Reserve Act, as amended, and which is subject by law to supervision and examination by State or Federal authority having supervision over banking institutions.

In the determination of the deficiencies involved herein the respondent has held that the petitioner does not "qualify as a bank taxable under Section 104 of the Revenue Act of 1936."

The facts relative to the incorporation of petitioner and to its method of operation are admittedly not materially different from those involved in *Staunton Industrial Loan Corporation*, 42 B. T. A. 1030. We there held that a Virginia industrial loan association was not a "bank" within the purview of the above quoted section of the 1936 Act. Our decision in that case was reversed by the United States Circuit Court of Appeals for the Fourth Circuit in *Staunton Industrial Loan Corporation* v. *Commissioner*, 120 Fed. (2d) 912. It was there held that a Virginia industrial loan association, operated as the petitioner was operated during the taxable years herein involved, was a "bank" within the meaning of section 104 (a), *supra*. In accordance with the opinion of the court in that case the action of the respondent upon the question presented is reversed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

HARRON, concurring: Section 104 (a) of the Revenue Act of 1936 contains and prescribes a *standard* by which the classification of a type of corporation as a "bank" shall and may be made. The purpose of the classification is to include or exclude institutions from the surtax prescribed by section 14 and for the purpose of normal tax, as is made clear in section 104 (b).

The *standard* set forth in section 104 (a) is found in the words: "a *substantial part* of the business of which consists of receiving deposits and making loans and discounts", etc. In short, the definition of a "bank" contained in section 104 (a) is a definition in a Federal statute, and for purposes of Federal taxation that definition is controlling, not a definition applied by a statute of a state to institutions. Conceivably a state statute may contain a definition of a "bank" which is at variance with the definition of a "bank" in the revenue acts. But in administering a Federal statute, the definition in the Federal statute is the one to be applied. Where the Federal statute does not contain language indicating that the classifications or definitions of local statutes are to be referred to for purposes of administering the Federal statute and the Federal statute itself sets forth a definition and a standard, there can be little doubt that the Federal statute's standard is determinative. From then on it is a matter of *fact* whether an institution is or is not the type of institution defined in the Federal statute. Cf. *Fidelity Savings & Loan Co.*, 44 B. T. A. 471.

The above represents roughly the *rationale* of the Circuit Court's view expressed in *Staunton Industrial Loan Corporation* v. *Commissioner*, 120 Fed. (2d) 912.

The dissenting opinion in this case presents a conflict in the construction to be given to the language of section 104 (a). It is not uncommon to find differences of opinion as to what the words in a statute say. But I doubt the validity of the general view of the author of the dissenting opinion as to the effect to be given the portion which is quoted of the Supreme Court's decision in *United States* v. *Cambridge Loan & Building Co.*, 278 U. S. 55, which, of course, considered another question arising under another statutory provision, namely, section 231 (4) of the Revenue Act of 1918, and section 231 (4) of the Revenue Act of 1921, which is the same as section 101 (4) of the Revenue Act of 1936. From the sentences quoted there is drawn a generalization that the Federal statutes are to be read as defining bank as defined by state statutes. The generality demonstrates the dangers which attend the separation of particular language from an entire text. What the Supreme Court said, which is quoted in the dissent, was in answer to the Government's argument that the taxpayer, the Cambridge Loan & Building Co., used the terminology descriptive of a building and loan association as a "mask" for its real character, which the Government claimed was that of a bank. The Court pointed out that "a State is not likely to be a party to a scheme to enable a private company to avoid Federal taxation by giving it a false name." Furthermore, in the *Cambridge Loan & Building Co.* case, the facts showed that the company in the conduct of its business met the requirements of the Federal

statute and the holdings of both the trial court, the Court of Claims, and of the appellate court, the Supreme Court, recognize such to be true. See also, *Cambridge Loan & Building Co.* v. *United States,* 63 Ct. Cls. 631, where the facts are set forth at length. It should be noted that Congress, in section 231 (4) of the Revenue Act of 1918, made no prescription of a *standard* to apply in applying the exemption allowed by section 231 (4). The statute referred merely to "Domestic building and loan associations", and the Court of Claims observed that "The law of the state in which they were created was the only law which described or defined a building and loan association, and Congress was chargeable with a knowledge of that law. Until the 1921 act Congress accepted these associations as they existed and were operated in the different states; * * *" Then in the 1921 Act Congress wrote into section 231 (4) a "standard" or a limitation, which provided a basis for classifying such associations so that they came either within or without the provisions of section 231 (4). Thereupon, state law was no longer to be looked to as *controlling,* and the portion of the Supreme Court's decision quoted in the dissenting opinion here can not be so interpreted against the background of the facts in the *Cambridge* case, which were that under the 1921 Act Cambridge met the *standard* prescribed because "substantially all of its business" in 1921 and after was with "members." The Supreme Court, over and above any *dicta* or the implications to be read into the *dicta,* recognized the Federal statute as controlling *first,* and found nothing in the state statutes, in addition thereto, to throw any doubt upon the matter under consideration.

I do not find in this case that the question can properly be posed as involving a conflict between state and Federal statutes, however. I think the terms of section 104 (a) are clear and that the court in the *Staunton* case correctly construed section 104 (a), and that the facts surrounding petitioner's business compel the conclusion that petitioner must be classified as a "bank" upon application of the standard found in section 104 (a). Therefore, I concur, with the observation that nothing said in *Cambridge Loan & Building Co., supra,* is in conflict with the result reached here, and that case, anyway, is not in point. I see no error in applying section 104 (a) to find upon facts that "a particular institution falls without the definition of a 'bank' as drafted by a state legislature" and still "falls within the clear policy and broad definition stated by Congress." *Staunton Industrial Loan Corporation* v. *Commissioner, supra.*

---

DISNEY, dissenting: I must dissent from the view expressed in the majority opinion that a corporation doing an industrial loan business under the Virginia statute is comprehended within the defini-

tion of bank under section 104, Revenue Act of 1936. *Staunton Industrial Loan Corporation* v. *Commissioner*, 120 Fed. (2d) 912, so holds, but with all respect I point out that the opinion therein is, in effect, based upon only a part of the statutory definition in section 104 in that the court concludes in substance that the industrial loan corporation involved was a bank because it was a corporation "a substantial part of the business of which consists of receiving deposits and making loans and discounts"; whereas although a bank to come within section 104 must so receive deposits and make loans and discounts, it is earlier in the section and primarily defined as follows: "As used in this section the term 'bank' means a bank or trust company incorporated and doing business under the laws of  *  *  *  any State  *  *  *." In other words, section 104 requires a bank to be one under the laws of the state, and not merely any institution a substantial part of the business of which is receiving deposits and making loans and discounts. The requirement that the bank be a bank incorporated and doing business under the laws of the state can not be ignored, and a bank incorporated and doing business under the laws of a state is one incorporated and doing business under the *banking laws* of the state—which, as the opinion of the court in the *Staunton Industrial Loan Corporation*, *supra*, says, is not true of an industrial loan corporation: "The laws of Virginia, for reasons which that State apparently thinks are compelling, draw a definite line between 'banks' and 'industrial loan associations.' " Neither the petitioner in the instant case nor the petitioner in the *Staunton Industrial Loan Corporation* case was "a bank  *  *  *  incorporated and doing business under the laws of  *  *  *  any State  *  *  *", for the laws of Virginia denied them the status of a bank. To hold that, though not a bank within the meaning of the Virginia statute, the industrial loan corporation is a bank within the meaning of section 104 of the Revenue Act of 1936 is to read the section as saying: "As used in this section the term 'bank' mean a *corporation* incorporated and doing business under the laws of  *  *  *  any State  *  *  *  a substantial part of the business of which consists of receiving deposits", etc. Section 104 does not so read, but requires that for the purpose of that section the term "bank" not only means a bank, and a bank receiving deposits and making loans and discounts, but a bank incorporated and doing business under the laws of the state. A bank can incorporate and do business under the laws of a state only by complying with the banking laws of that state and not under general laws of incorporation. Banking powers are not conferred by a certificate of incorporation under a general corporation act. *McCarter* v. *Imperial Trustee Co.*, 72 N. J. L. 42;

60 Atl. 223. In my opinion, the definition in section 104 pointedly includes therein the requirements made of a bank by a state, and under the thought of *United States* v. *Pelzer,* 312 U. S. 399, "The language or necessary implication of the section involved makes its application dependent on state law." Unless this is true, I find no reason why section 104 refers to the law of the state. Certainly the language of section 104 does not indicate a definition of "bank" *different* from that set by state statute, in specifically referring to the state statute; and, since no different definition is furnished, it is plain that the definition furnished by state statute is intended. Nor does reference by section 104 to the banking law of the state militate against a "nation-wide scheme of taxation uniform in its application." In *United States* v. *Cambridge Loan & Building Co.,* 278 U. S. 55, the definition of building and loan association was held to be dependent upon the law of the state: "The statutes speak of 'domestic' associations, that is, associations sanctioned by the several States. They must be taken to accept with the qualifications expressly stated what the States are content to recognize, unless there is a gross misuse of the name. The State of Ohio has recognized and still recognizes the respondent as belonging to the class which its name indicates." In other words the Federal statutes are to be read as defining building and loan associations as defined by the state statute. It was therefore held that the association involved was not a mere money-making institution like a bank, but was exempt under the Federal Revenue Acts of 1918 and 1921, section 231, as a domestic building and loan association, although it had power under state law to borrow money and loan to outsiders. Such was the effect given to a state statute defining the entity sought to be taxed. Similarly in the instant case the scheme of taxation simply conforms to all banks recognized by state or national law, but excludes those institutions not recognized as banks by state or national law, for, having referred to the state statutes just as the building and loan statute did by use of the word "domestic" (and even more clearly), the Federal statute "must be taken to accept * * * what the States are content to recognize." To do otherwise seems to place on a parity with banks which comply with state or national law, corporations definitely excluded from that category.

In my opinion, section 104 was definitely intended to set the state or national law as to banks as a standard for those escaping, as banks, the surtax imposed by section 14 and the normal tax imposed by section 13 of the Revenue Act of 1936, and that it was never intended to include corporations unable to comply with statutory banking requirements.

I note that in *Magruder* v. *Safe Deposit & Trust Co. of Baltimore*, 121 Fed. (2d) 981, that United States Circuit Court of Appeals for the Fourth Circuit construed section 117 (d), Revenue Act of 1934, as to a "bank or trust company incorporated under the laws of the United States or of any state or territory, a substantial part of whose business is the receipt of deposits"—in effect the same definition involved in section 104 (a), Revenue Act of 1936, herein involved; and that *inter alia* the court said: "We entertain no doubt that the taxpayer is a 'trust company incorporated under the laws' of Maryland; but we do not think it can qualify under the second and *equally essential* [italics supplied] clause of the exempting statute: 'a substantial part of whose business is the receipt of deposits.'" This seems to me to be not only a recognition that, as above expressed, both parts of the statute are equally essential, but some recognition of the state statute as criterion.

STERNHAGEN, MURDOCK, LEECH, TURNER, HILL, and OPPER agree with this dissent.