ELIZABETH FEINER ET AL. v. HARRIET G. BOYNTON.

Submitted July 7, 1905—Decided November 22, 1905.

1. The husband is liable for suitable clothing purchased for the use of his wife.
2. When a husband and wife are living together, in purchasing articles of clothing for her own use, the wife is presumed to be acting as agent for her husband.
3. To charge her, it must appear affirmatively that she made the purchases on her individual credit.

---

On appeal from the First District Court of Newark.

Before Justices GARRISON and GARRETSON.

For the plaintiffs, *George Harner Peirce.*

For the defendant, *Howe & Davis.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff recovered a judgment against the defendant in a District Court for the value of goods furnished. The defendant is, and at the time the goods were furnished was, a married woman living with her husband.

The goods furnished were for the personal use of the defendant.

It appears from the state of the case that the husband provided the defendant with money from time to time for her household and personal expenses; that the account with the plaintiffs had always been in the defendant's name; that the defendant paid the bills, of which there were a large number during the eleven years through which the account had been running, with her own checks, drawn upon a bank where her husband had deposited money for her, of which deposit the plaintiffs had no knowledge at all; that the plaintiffs had never had any dealings with her husband; that the husband deposited various sums of money, ranging from $300 to $700, in the Peoples Bank of East Orange, and that the defendant drew her own checks against said accounts to pay for the various household expenses, as well as for her clothing; that she had a separate estate.

There is no evidence to show that the defendant ever made any express contract with the plaintiffs which would bind her separate estate, and the only evidence from which a contract could be inferred was that the goods were charged to the defendant on the plaintiffs' books and that the defendant paid the bills with her own checks, but there is nothing to show that the defendant knew that the goods were being charged to her by the plaintiffs, and the checks she gave in payment were of her husband's moneys, which had been deposited by her husband to pay for household expenses and her clothing.

A debt incurred for the necessary clothing of a married woman is presumably the debt of the husband, and if incurred by the wife it is presumed she is acting as the agent of her husband unless there is affirmative evidence to show that she intended to charge her separate estate.

In *Wilson* v. *Herbert,* 12 *Vroom* 454, 461, it is held: "When husband and wife are living together, and the wife purchases articles for domestic use, the law imputes to her the character of an agent of her husband and regards him as the principal debtor. She may contract for such articles as principal and assume the responsibility of a principal debtor. But to fix upon her such a liability it must affirmatively appear that she made the purchase on her individual credit. There must be

either an express contract on her part to pay out of her separate estate, or the circumstances must be such as to show clearly that she assumed individual responsibility for payment exclusive of the liability of her husband."

The judgment of the District Court is reversed.