New Jersey Department of Labor,
Workmen's Compensation Bureau.

SARAH ROBINSON, PETITIONER, v. ABE SACHAROW AND RONA SACHAROW, RESPONDENTS.

Decided February 20, 1941.

For the petitioner, *Gelizeiler & Honigfeld.*

For the respondents, *A. Robert Rothbard.*

In the case *sub judice* petitioner alleges that she was employed by Abe and Rona Sacharow as a domestic.

That on or about April 22d, 1940, while descending the cellar steps, in order to do some laundry, she fell down the stairs and suffered an injury, which consisted of a fracture of the left leg.

An answer was filed in which respondents deny that the petitioner engaged in the scope of her employment at the time the alleged accident occurred.

\* \* \* \* . \* \* \*

Petitioner testified as to her employment with the respondents, her duties, and that she received $6 per week which included carfare and also received one mid-day meal. She described the accident as set forth in the petition. She further testified to subsequent events including treatment and her present complaints and disability.

Immediately following the accident she was taken by ambulance to the Mountainside Hospital, her leg placed in a cast and she was then taken home.

Dr. Darden testified to treatments rendered by him from the day of the accident, April 22d, 1940, to August 4th, 1940. He estimated permanent disability as thirty-three and one-third per cent. of the left foot. There is no dispute as to disability, as respondent's attorney introduced in evidence report of Dr. Jerome Gelb, who examined petitioner December 14th, 1940, and coincided with the estimate of Dr. Darden.

Mrs. Rona Sacharow testified that she employed the petitioner, paid her and gave her instructions as to the work to be done. She admitted notice of the accident. In so far as defense was concerned there was no direct testimony to contradict the testimony of the petitioner.

I am, therefore, holding that petitioner met with an accident arising out of and in the course of her employment.

The question now to be determined is which of the two respondents named is liable.

In the briefs filed by both attorneys reference is made to the case of *Aulen* v. *Johnston*, 115 *N. J. L.* 71; 178 *Atl. Rep.* 187, which holds as follows:

"A secondary question is whether there was a joint undertaking by respondents. The bureau found that there was; the Common Pleas concluded that Mrs. Johnston was not a party to the contract of hiring. We resolve this question of fact in favor of the latter. The apposite rule is that, to impose such an obligation upon the wife in a situation like this, there must be either an express contract to pay out of her own estate, or circumstances clearly showing the assumption of individual liability on her part exclusive of that of her husband. The presumption is that, in the employment of a house servant, the wife acts as the agent of her husband; to fix upon her such a contractual liability, it must affirmatively appear that she hired the servants on her own individual credit. *Mooney* v. *McMahon*, 83 *N. J. L.* 120; 83 *Atl. Rep.* 504; *Riley* v. *Wortendyke, Ex'r*, 80 *N. J. L.* 663; 77 *Atl. Rep.* 1035; *Feiner* v. *Boynton*, 73 *N. J. L.* 136; 62 *Atl. Rep.* 420; *Wilson* v. *Herbert*, 41 *N. J. L.* 454; 32 *Am. Rep.* 234. This principle is rooted in the obligation of the husband to provide for the care, maintenance, and sup-

port of his wife. 'The duty of providing maintenance and support, for the family still devolves on the husband, and the wife may discharge her duties in the management of his domestic affairs without incurring personal responsibility. The purpose and comfort of married life would be defeated if the wife had not authority to hire servants and purchase articles necessary for domestic use, and for this purpose the law regards her as the agent of the husband. 1 *Pars. on Cont.* 347. And it is of the greatest importance to society that the wife should be allowed to perform her duties in the management of the husband's domestic affairs as his agent, without liability on her part, on contracts made by her in the line of her duties, unless she voluntarily assumes a personal responsibility.' *Wilson* v. *Herbert, supra.*"

But the facts in the case *sub judice* are to the contrary.

Rona Sacharow testified that she was the proprietor of the butcher shop located at 135 La France avenue. That she employed her husband and paid him an average salary of $35 per week and further that the store is being operated at a loss. She further testified as aforementioned that she hired the petitioner and paid her.

In this instance, from the facts, the wife is supporting the husband. She conducts the business, pays him as an employe and pays the bills. She engaged and paid the servants on her own individual credit.

It is, therefore, * * * ordered that judgment be and the same is hereby entered in favor of the petitioner and against the respondent Rona Sacharow.

\*  \*  \*  \*  \*  \*  \*

JOHN C. WEGNER,
*Deputy Commissioner.*