125 N.J. Super. 296 (1973)
310 A.2d 515
S.P. DUNHAM'S AND CO., PLAINTIFF-APPELLANT,
v.
VIRGINIA DZURINKO, DEFENDANT-RESPONDENT, AND RONALD OWEN DZURINKO, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1973.
Decided October 18, 1973.
*297 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Richard A. Bookspan argued the cause for appellant (Messrs. Stark and Stark, attorneys).
Mr. William F. Curtin argued the cause for respondent (Messrs. Destribats and Curtin, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
Plaintiff Dunham's appeals from a judgment of involuntary dismissal entered at the close of the *298 proofs after jury trial. The case was tried as to Virginia Dzurinko only, default judgment having previously been entered against the co-defendant, her estranged husband.
Early in June 1968 defendants received charge cards issued by Dunham's. Defendant husband, Ronald, had applied for credit, and the credit application upon which the cards were issued purports to bear the signatures of both Ronald and Virginia Dzurinko. Virginia denied having signed the application, and the trial judge, in dismissing the case, held that reasonable men could not conclude that she had. This ruling is not contested. The inference is that Ronald either signed his wife's name or had someone else do it.
Both defendants began to use the account, and the balance at time of trial was said to be $1,076.07, which apparently included service charges and attorney's fees. Defendants separated in April, 1969.
On May 16, 1969 Virginia was coincidentally an employee of plaintiff, whose credit manager had by that time learned of her separation from Ronald. He called Virginia into his office where she signed a new credit application in her own name alone, and also a document entitled "Transfer of Account." The asserted effect of these documents is an assumption by Virginia individually of the outstanding balance owed on the account opened by Ronald. The credit manager would have it that Virginia voluntarily assumed an obligation to pay the balance by signing these documents. Virginia's position is that she was coerced into signing by threat of job loss.
On either June 1 or 2, 1969 Virginia made charges of $17.62, using the charge card that had been delivered a year previous. She had been given no new charge card following the May 16, 1969 application. On June 2, 1969 Dunham's credit manager asked Virginia to surrender her credit card, which she did. The testimony of plaintiff's credit manager *299 is explicit that as of May 16, 1969 and thereafter he did not intend to extend further credit to Virginia until the previous balance had been paid in full.
In dismissing the complaint the trial judge held that indisputably Virginia did not sign the original credit application. As we have noted, plaintiff acquiesces in this determination. Thus, she was not bound by the contents thereof which purported to make each spouse jointly liable for all purchases on the account. Next he held, since Virginia had no liability for the antecedent debt, her assumption of that debt on May 16, 1969 was without consideration and unenforceable. He rejected the suggestion that the consideration for this assumption on her part was extension of future credit because of the unequivocal testimony of the credit manager that there was no intention to extend such credit until the old balance had been paid.
Since Virginia incurred no express liability on the credit contract, her exposure is to be tested by common law principles. At common law a wife, in the purchase of what has been called necessaries, is presumed to be acting as agent for her husband, and as agent for a disclosed principal she incurs no personal liability on the contract of purchase unless the credit was extended to her individually or she expressly contracted to be liable. Wilson v. Herbert, 41 N.J.L. 454, 461 (Sup. Ct. 1879); Feiner v. Boynton, 73 N.J.L. 136 (Sup. Ct. 1905); Mooney v. McMahon, 83 N.J.L. 120 (Sup. Ct. 1912); Smedley v. Sweeten, 11 N.J. Super. 39 (App. Div. 1950); Saks & Co. v. Bennett, 12 N.J. Super. 316 (App. Div. 1951).
There was no evidence in the case to overcome the common law presumption. Under the cases cited above, however, Virginia would remain liable for items, not necessaries, purchased by her.
We agree with the trial court's rejection of the transfer of account and asserted assumption therein by Virginia *300 of a personal obligation to pay the outstanding balance on the ground stated below  that there was no consideration for this promise. Although ordinarily courts will not inquire into the adequacy of consideration, the law still requires that a promise, in order to be enforced, be supported by some consideration. American Handkerchief Corp. v. Frannat Realty Co., 17 N.J. 12 (1954). Since Virginia had no obligation to pay the antecedent debt beyond any portion thereof which resulted from purchases of non-necessaries by her, her assumption of the entire debt is not enforceable unless supported by some new or additional consideration. The trial court properly rejected the thesis that extension of future credit to her was such consideration since the testimony of the credit manager is unequivocal that he had no such intention. The suggestion is made here that consideration for Virginia's assumption of the entire debt was the forebearance of suit against Ronald. The record is barren of any evidence that this was ever the subject of any discussion between Virginia and the credit manager.
Defendant, in addition to being liable for the purchases of any non-necessaries by her at any time, is also liable for any purchases she made after the separation between her and her husband. The record shows that follow-lowing the separation she, from her personal assets, made some small payments on account. The amount of these payments is less than the charges she made in early June 1969. On the remand these payments by her should be credited against any liability assessed against her.
For the foregoing reasons the judgment below is reversed and the matter remanded for a new trial, at which time it is to be determined if any of the purchases made by defendant prior to her separation were for non-necessaries for which she will be individually liable. We rule as a matter of law that she is liable for the purchases made by her after the separation and direct that credit be given to her for the *301 amount of any payments on account made by her following the separation.[*]
Reversed and remanded.
NOTES
[*] We recognize that the decision here is contrary to Sillery v. Fagan, 120 N.J. Super. 416 (Cty. D. Ct. 1972). That case ignored a long line of reported appellate decisions, some of which we have cited. Trial judges are free to disagree with appellate opinions but are not free to disobey. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961). The principles ignored in Sillery are rooted so deep in our jurisprudence that no trial court, or even this court, is free to refuse them recognition. It may be that the law we have applied here is outmoded and should be changed. In our view this can only be done by the Legislature, or at the highest judicial level.