149 N.J. Super. 358 (1977)
373 A.2d 1016
ASSOCIATES CONSUMER DISCOUNT COMPANY, PLAINTIFF-APPELLANT,
v.
JOHN A. BOZZARELLO AND CARMELLA M. BOZZARELLO, DEFENDANTS-RESPONDENTS,
v.
LOTTERY PUBLICATIONS, INC., DONALD K. KARDON AND HERBERT PASKER, THIRD-PARTY DEFENDANTS-RESPONDENTS,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT-INTERVENOR.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1977.
Decided April 7, 1977.
*359 Before Judges LYNCH, MILMED and ANTELL.
Mr. Nathan N. Goldberg, attorney for plaintiff-appellant (Mr. Howard W. Smith, on the brief).
Ms. Alice Ashley Costello, Director, Legal Aid Society of Mercer County, attorney for defendants-respondents John *360 A. Bozzarello and Carmella M. Bozzarello (Mr. Timothy R. Smith, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent-intervenor (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Harry Haushalter, Deputy Attorney General, on the brief).
No brief was filed on behalf of the third-party defendants-respondents.
PER CURIAM.
Plaintiff appeals from a grant of a summary judgment in favor of defendants dismissing plaintiff's complaint for monies allegedly due to it on a credit agreement between the parties. Defendants had applied for the summary judgment on the ground that plaintiff, a Pennsylvania corporation, had failed to comply with N.J.S.A. 14A:13-15, part of the Corporation Business Activities Reporting Act, L. 1973, c. 171, N.J.S.A. 14A:13-14 et seq., effective June 7, 1973. The motion was heard on a stipulation of facts and oral argument. The facts as stipulated between these parties are as follows:
(1) Defendants appeared, personally, at the office of the plaintiff in Morrisville, Pennsylvania at which time they executed the note, photocopy of which is annexed to the complaint, in accordance with the Consumer Discount Company Law of that state and received the consideration described in the note in the form of a check made payable to the defendants drawn on a Morrisville, Pennsylvania bank which they endorsed payable to "Lottery Publications." No part of the consideration or the interest described in the note had been paid to the plaintiff by the defendants.
(2) Plaintiff is a Pennsylvania corporation and does not have, nor has it applied for, a Certificate of Authority to transact business in this state as a foreign corporation.
(3) Plaintiff has not filed "Notice of Business Activities Report" as described in N.J.S.A. 14A:13-15/20.
(4) All loan transactions made by the plaintiff are consumated [sic] by execution of note and delivery of consideration in the State of Pennsylvania.
(5) The present loan portfolio of the plaintiff totals approximately $500,000 of which 25%, or $125,000, represents accounts receivable *361 from debtors residing now, or in the past, in the State of New Jersey.
(6) Plaintiff does not maintain any offices or places of business in New Jersey. Plaintiff does use the U.S. mails and the telephone to advise debtors residing in New Jersey of delinquencies in an effort to collect past due accounts.
In essence, defendants contended that since plaintiff had not filed "a notice of business activities report" (notice) as required by N.J.S.A. 14A:13-15, it was barred from maintaining its suit in this State by the terms of N.J.S.A. 14A:13-20. On this appeal plaintiff argues that since it "is factually engaged in interstate commerce; has no minimal presence in New Jersey; and since the loan of money at a price is in fact a sale of tangible personal property, the imposition of an income tax by this state is an unconstitutional burden upon interstate commerce." We find no merit in the appeal.
Plaintiff misconceives the nature and scope of the Corporation Business Activities Report Act. That legislation provides, in pertinent part, that:
Every foreign corporation which during any calendar or fiscal accounting year ending after December 31, 1973, carried on any activity or owned or maintained any property in this State, unless specifically exempted under section 3 of this act, shall be required to file a notice of business activities report, as hereinafter provided.
Activities or property maintenance in this State which require corporations to file this report are:

* * * * * * * *
e. receiving payments from persons residing in this State, or businesses located in this State, aggregating in excess of $25,000 regardless of any other connections with this State;
f. the derivation of income from any source or sources within this State;

* * * * * * * *
[N.J.S.A. 14A:13-15]
and
No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate *362 of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report.

* * * * * * * *
[N.J.S.A. 14A:13-20(a)]
The statute is not a taxing measure. It is essentially an information gathering measure. Its clear purpose is to enable the Division of Taxation to obtain pertinent data from any foreign corporation which carries on an activity or owns or maintains property in this State but which has not obtained a certificate of authority to do business in New Jersey, to the end that a proper determination may be made as to whether such corporation is subject to any State tax. The legislation stems from a recommendation contained in the Report of the New Jersey Tax Policy Committee (February 23, 1972), Part V at 33, that
* * * it is important, in order to safeguard the State's revenues and reduce unfair tax-free competition with businesses that pay taxes to this State, that the Legislature adopt a more effective technique for discovering foreign corporations that may be taxable, but that are now paying no taxes, and would otherwise escape the broadened jurisdiction of the proposed second tier tax.[1] To seek to accomplish that objective, we propose that a statutory provision be adopted requiring certain non-qualified foreign corporations to file with the Division of Taxation a Notice of Business Activities. * * *
We discern no constitutional infirmity in either the notice requirement of the Act or the sanctions imposed therein for failure to file. These are entirely reasonable means designed *363 to achieve an essential state purpose  the strengthening of the enforcement of its tax laws.
Neither do we discern any conflict, as suggested by plaintiff, between 73 Stat. 555, 15 U.S.C.A. § 381 (a)[2] and the subject legislation. The limited purposes of the federal statute, see Heublein v. South Carolina Tax Comm'n, 409 U.S. 275, 279, 93 S.Ct. 483, 34 L.Ed.2d 472, 477 (1972) and Report of the New Jersey Tax Policy Committee, supra at 21-22, do not encompass any prohibition upon a state from inquiring into a corporation's activities to determine whether those activities are taxable.
The order for summary judgment under review is affirmed.
NOTES
[1] Corporation Income Tax Act (1972), L. 1973, c. 170, N.J.S.A. 54:10E-1 et seq. (effective on the same date as the Corporation Business Activities Reporting Act, i.e., June 7, 1973), entitled: "An Act imposing a direct income tax on corporations deriving income from sources within this State, which are not subject to the tax imposed under the Corporation Business Tax Act (1945) (C. 54:10A-1 et seq.) and supplementing Title 54 of the Revised Statutes."
[2] Public Law 86-272, Title 1, § 101(a) which provides that:

"(a) No State, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:
(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and
(2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1)."