168 N.J. Super. 211 (1979)
402 A.2d 942
ASSOCIATES FINANCIAL SERVICES COMPANY OF NEW JERSEY, INC., ASSIGNEE OF ASSOCIATES CONSUMER DISCOUNT COMPANY, PLAINTIFF-APPELLANT,
v.
JOHN A. BOZZARELLO AND CARMELLA M. BOZZARELLO, DEFENDANTS-RESPONDENTS, AND DIRECTOR, DIVISION OF TAXATION, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 1979.
Decided May 15, 1979.
Before Judges CONFORD, PRESSLER and KING.
Mr. Howard W. Smith, attorney for appellant.
Legal Aid Society of Mercer County, attorneys for respondents (Ms. Jane B. Terpstra, Acting Director, on the brief).
*212 Mr. John J. Degnan, Attorney General, attorney for intervenor-respondent (Mr. Harry Haushalter on the brief).
The opinion of the court was delivered by KING, J.A.D.
This appeal involves the interpretation of Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq. It is the sequel to Associates Consumer Discount Co. v. Bozzarello, 149 N.J. Super. 358 (App. Div. 1977), which affirmed the dismissal of a complaint filed by a nonresident corporate plaintiff for failure to comply with the filing requirements of the act. The unsuccessful corporate plaintiff then assigned the cause of action on the note to a New Jersey corporation which brought this suit. The trial judge dismissed the present complaint on the ground that plaintiff could not sue in the New Jersey courts as assignee of a foreign corporation which had failed to file a business activities report with the State pursuant to N.J.S.A. 14A:13-15.
In the original Bozzarello case a Pennsylvania loan company, Associates Consumer Discount Company, brought suit in Mercer County District Court against defendants, residents of Trenton, claiming default in payments on a promissory note. The suit was dismissed and the dismissal was affirmed by this court at 149 N.J. Super. 358 (App. Div. 1977). Thereafter Associates Consumer Discount Company assigned the note to the present plaintiff, Associates Financial Services Co. of New Jersey, Inc., a New Jersey corporation. The trial court in dismissing held that the foreign corporation could only assign the rights it possessed to the New Jersey corporate plaintiff. Following the filing of the notice of appeal, the Director of the Division of Taxation intervened in support of the judgment of the trial court.
The State and the Bozzarellos argued that the rights of the assignee should rise no higher than the rights of the assignor. The State contends that the overall intent of the legislative scheme was to supplement existing reporting requirements in *213 order to insure compliance with state revenue laws. See 5 Report of the New Jersey Tax Policy Committee, 32-34 (1972). N.J.S.A. 14A:13-14 et seq. evolved from the Committee's recommendation, for the reason thus expressed in the Report:
We believe that it is important, in order to safeguard the State's revenues and reduce unfair tax-free competition with businesses that pay taxes to this State, that the Legislature adopt a more effective technique for discovering foreign corporations that may be taxable, but that are now paying no taxes, and would otherwise escape the broadened jurisdiction of the proposed second tier tax. To seek to accomplish that objective, we propose that a statutory provision be adopted requiring certain non-qualified foreign corporations to file with the Division of Taxation a Notice of Business Activities. [Id. at 33]
Plaintiff contends for a construction of the act permitting suit by an assignee of a foreign corporation in violation of the act because N.J.S.A. 14A:13-20 does not prohibit suits by assignees as does N.J.S.A. 14A:13-11(1), which specifically bars suits by assignees of foreign corporations transacting business in this State without a certificate of authority. Plaintiff urges that the legislative omission of a specific prohibition against suit by an assignee compels an interpretation allowing it to sue on the note executed by defendants. We disagree.
Acceptance of plaintiff's contention could lead to a negation of the legislative purpose in passing the Reporting Act. Moreover, plaintiff's contention is contrary to the specific language of N.J.S.A. 14A:13-20(b), which states:
The failure of a foreign corporation to file a timely report shall prevent the use of the courts in this State for all contracts executed and all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report. [Emphasis supplied]
The express legislative intent was to deny to foreign corporations which decline to candidly report their activities in this *214 State to the Director of the Division of Taxation the use of our courts to enforce their rights. Plaintiff and its assignor cannot evade this clearly expressed legislative purpose by the wily formality of an assignment of a contract or cause of action. The Reporting Act was designed as an information-gathering device to insure even-handed taxation. Plaintiff's interpretive contention would clearly frustrate this purpose and cannot prevail.
Affirmed.