205 N.J. Super. 251 (1985)
500 A.2d 746
FIRST FAMILY MORTGAGE CORPORATION OF FLORIDA, PLAINTIFF-APPELLANT,
v.
LINDA A. DURHAM, DEFENDANT-RESPONDENT AND MR. LINDA DURHAM, DEFENDANT, AND ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1985.
Decided November 14, 1985.
*252 Before Judges FRITZ, BRODY and BAIME.
William M.E. Powers, III, argued the cause for appellant (William M.E. Powers, Jr., attorney; William M.E. Powers, III, on the brief).
Beverly K. Thompson argued the cause for respondent Linda A. Durham.
*253 Harry Haushalter, Deputy Attorney General, argued the cause for intervenor-respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Mr. Haushalter, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiff, a Florida corporation not authorized to do business in New Jersey, appeals from an order for summary judgment dismissing, without prejudice, its suit to foreclose a mortgage on respondent's New Jersey home. The dismissal is based on plaintiff's failure to file the "notice of business activities report" required by N.J.S.A. 14A:13-15(e) (hereafter refered to as "the statute") of "every foreign corporation" that receives within "any calendar or fiscal accounting year ... payments from persons residing in this State ... aggregating in excess of $25,000.00 regardless of any other connections with this State; ...." A foreign corporation not authorized to do business in New Jersey may not "maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report." N.J.S.A. 14A:13-20(a). We affirm the dismissal.
Plaintiff concedes that it has never filed the notice. It argues that the Commerce Clause of the federal constitution protects it from the reach of the statute because it is engaged solely in interstate commerce. Plaintiff acquired the mortgage in the secondary mortgage market along with other federally guaranteed home mortgages from around the country. These mortgages are sold to investors in the form of Government National Mortgage Association (GNMA) securities issued pursuant to 24 C.F.R. § 390 under the National Housing Act, 12 U.S.C.A. § 1716 et seq.
We adhere to our holding in Associates Consumer Discount Co. v. Bozzarello, 149 N.J. Super. 358 (App.Div. 1977), that a *254 foreign corporation engaged in interstate commerce may constitutionally be denied access to our courts until it files a notice of business activities report even though it may later be determined that the corporation is not engaged in intrastate business activities in New Jersey. The trial judge expressed reluctance to follow Associates because he concluded, based upon the information contained in a brief affidavit of plaintiff's vice-president, that plaintiff was not engaged in intrastate business activities in New Jersey. The information in that affidavit is essentially the same information that a notice of business activities report would have contained had plaintiff filed one.
As we explained in Associates, the purpose of the notice requirement is to identify foreign corporations engaged in taxable intrastate business activities in this state so that they will pay their fair share of taxes. See Avco Financial Services Consumer v. Director, 100 N.J. 27, 31-33 (1985). The statute imposes no tax upon foreign corporations that are protected by the Commerce Clause. It merely requires a foreign corporation that receives payments aggregating more than $25,000 a year from New Jersey residents to supply the minimal information that plaintiff supplied in this suit. This information permits the taxing authorities, and not the corporation, to make the final administrative determination as to whether the corporation is tax exempt. Plaintiff does not claim that filing the notice would be onerous or would place it at a competitive disadvantage.
Plaintiff argues that in Associates we overlooked numerous cases holding that a state may not directly or indirectly require a foreign corporation engaged solely in interstate commerce to obtain a license or certificate of authority to do business in the state. E.g., Eli Lilly and Co. v. Sav-On-Drugs, 366 U.S. 276, 278-279, 81 S.Ct. 1316, 1318, 6 L.Ed.2d 288, 291-292 (1961); Coons v. American Honda Motor Co., 94 N.J. 307, 318 (1983). Plaintiff correctly states the holding in those cases, but they are distinguishable because the statute considered *255 here and in Associates does not require licensure. A key feature of licensure statutes is a provision that requires a foreign corporation to appoint a local registered agent "upon whom process against the corporation may be served." See, e.g., N.J.S.A. 14A:13-4(1)(d). A state may not require a foreign corporation engaged solely in interstate commerce to consent to being sued in that state as the price of doing interstate business there.
By contrast, compliance with N.J.S.A. 14A:13-15 does not expose foreign corporations engaged solely in interstate commerce to lawsuits in this state. It merely requires that foreign corporations receiving substantial annual payments from New Jersey residents file information that will enable New Jersey to determine whether they are exempt from taxation.
Plaintiff also argues that the statute violates the Supremacy Clause of the federal constitution because it undermines the policy of the National Housing Act. We disagree. It is true, as plaintiff contends, that New Jersey may not render GNMA mortgages on New Jersey homes unmarketable by denying foreign corporate mortgage-holders the right of foreclosure. See Guttenberg S. & L. Ass'n v. Rivera, 85 N.J. 617, 631 (1981) (Anti-Eviction Act, N.J.S.A. 2A:18-61.1 et seq., may not be applied to bar removal of tenants in a suit to foreclose a mortgage guaranteed by the Federal Housing Authority). N.J.S.A. 14A:13-20(a) does not, however, deprive a foreign corporate mortgage-holder of its right to foreclose a GNMA mortgage on a New Jersey home. The holder is free to foreclose as long as it has first filed a notice of business activities report. The slight inconvenience of filing the notice will not destroy the market for GNMA mortgages on homes in New Jersey and in other states having a similar requirement. See Stuyvesant Town v. Ligham, 17 N.J. 473 (1955) (state rent control statute applied to property owned by a corporation operating under the National Housing Act).
*256 In the event plaintiff renews its foreclosure suit,[1] the trial judge will then have to decide whether plaintiff was obliged to obtain a certificate of authority to do business in this state as required by N.J.S.A. 14A:13-3. "No foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority...." N.J.S.A. 14A:13-11. Respondent had raised as a defense plaintiff's failure to obtain a certificate of authority but she did not move for dismissal on that ground.
As we previously noted, a foreign corporation may not be compelled to obtain a license or certificate of authority to do business in a state unless the corporation is engaged in intrastate business activities in that state. The judge's gratuitous statement that plaintiff was not engaged in intrastate business activities in New Jersey may not be considered a finding of fact tantamount to striking respondent's defense in the event plaintiff renews its foreclosure suit. Respondent is entitled to discovery before the point is considered for adjudication.
Affirmed.
NOTES
[1] N.J.S.A. 14A:13-20(c) authorizes a court to "restore the right of access to the courts in this State" when failure to file the report was "done in ignorance of the requirement to file, such ignorance was reasonable in all circumstances" and "all taxes, interest and civil penalties due the State for all periods have been paid, or provided for by adequate security or bond approved by the director...."