NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4662-15T2

U.S. BANK TRUST, N.A., AS TRUSTEE
FOR LSF8 MASTER PARTICIPATION TRUST,

 Plaintiff-Respondent,

v.

NICOLE THOMAS and VINCENT A. THOMAS,

 Defendants-Appellants,

and

MR. THOMAS, HUSBAND OF NICOLE THOMAS;
3641 CONSULTING INC., and
MIDATLANTIC NEONATOLOGY,

 Defendants.

 Argued September 12, 2017 – Decided September 21, 2017

 Before Judges Yannotti and Carroll.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Ocean County,
 Docket No. F-20139-15.

 Grant S. Ellis argued the cause for appellants
 (Archer Law Office, LLC, attorneys; Mr. Ellis,
 on the briefs).

 Douglas J. McDonough argued the cause for
 respondent (Fein, Such, Kahn & Shepard, PC,
 attorneys; Joshua B. Sears, on the brief).
PER CURIAM

 In this mortgage foreclosure case, defendants Nicole Thomas

and Vincent A. Thomas, husband and wife, appeal from a December

4, 2015 order denying their motion to vacate default and dismiss

the complaint, and a February 19, 2016 order denying

reconsideration. Defendants also appeal the June 1, 2016 final

judgment that followed. Relying on Associates Financial Services

Company of New Jersey v. Bozzarello, 168 N.J. Super. 211 (App.

Div. 1979) (Bozzarello II), defendants contend that because LSF8

Master Participation Trust (LSF8) has not filed an activities

report, as required by the Corporation Business Activities

Reporting Act (the Reporting Act), N.J.S.A. 14A:13-14 to -23, its

assignee, plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8,

is precluded from bringing this action. We disagree and affirm

the orders and judgment on appeal.

 The pertinent facts are undisputed and are outlined in the

trial court's December 4, 2015 oral opinion. On December 2, 2005,

defendant Nicole Thomas executed a note and purchase money mortgage

to secure payment of an $849,648 loan from Washington Mutual Bank,

FA. Defendant Vincent Thomas joined Nicole in executing the

mortgage, which was then duly recorded.

 In September 2008, JP Morgan Chase Bank acquired all the

assets and liabilities of Washington Mutual, including the subject

 2 A-4662-15T2
loan, which went into default two months later. In May 2009, JP

Morgan filed a foreclosure complaint against Nicole, who

thereafter filed a non-contesting answer.

 The action was stayed for several years until Nicole was

granted leave to file an amended answer and counterclaim in April

2014. JP Morgan assigned the mortgage to LSF8, a Delaware trust,

in July 2014. LSF8 filed an amended foreclosure complaint the

following month, substituting itself as plaintiff and adding

Vincent Thomas as a defendant.

 On November 7, 2014, the court ruled on the parties'

respective motions for summary judgment. After hearing oral

argument, the court rejected defendants' argument that LSF8 lacked

standing to foreclose. Consequently, the court denied defendants'

motion and simultaneously entered summary judgment in favor of

LSF8.

 On March 12, 2015, defendants moved to dismiss LSF8's

complaint based on their contention that LSF8 is a corporation

within the purview of the Recording Act and thereby required to

file a business activities report. The trial court agreed, and

on March 22, 2015, it entered an order staying defendants' motion

to dismiss for ninety days, and required LSF8 to submit proof that

it filed the activities report. On April 2, 2015, the action was

dismissed without prejudice by stipulation of the parties.

 3 A-4662-15T2
 On March 31, 2015, LSF8 assigned the mortgage to plaintiff

U.S. Bank Trust, N.A., as Trustee for LSF8. On May 8, 2015,

plaintiff filed the present foreclosure action. Defendants filed

a motion to dismiss the complaint on July 24, 2015, which they

assert the court dismissed due to an administrative error. On

September 24, 2015, default was entered against defendants for

failure to file an answer or other responsive pleading.

 Defendants thereafter moved to vacate default and restore

their dismissal motion. Relying on Bozzarello II, defendants

argued plaintiff was precluded from bringing the new foreclosure

action until LSF8 fulfilled its reporting requirements. Plaintiff

countered that, as a federally chartered national banking

association, it was exempt from the filing requirements of the

Reporting Act. The trial court agreed, citing American Bank &

Trust Company of Pennsylvania v. Lott, 99 N.J. 32, 40 (1985).

Accordingly, the court entered an order denying the motion on

December 4, 2015. Defendants filed a motion for reconsideration,

which the court denied on February 19, 2016. The court entered a

final judgment of foreclosure on June 1, 2016. This appeal

followed.

 Defendants argue, as they did before the trial court, that

plaintiff is barred from maintaining this action until its

assignor, LSF8, files a business activities report in compliance

 4 A-4662-15T2
with the Recording Act. Defendants again rely on Bozzarello II

in support of their position.

 Pursuant to the Recording Act, "[e]very foreign corporation

which during any calendar or fiscal accounting year . . . carried

on any activity or owned or maintained any property in [New

Jersey], unless specifically exempted under [N.J.S.A. 14A:13-16],

shall be required to file a notice of business activities

report[.]" N.J.S.A. 14A:13-15. Failure to comply "shall prevent

the use of the courts in this State for all contracts executed and

all causes of action that arose at any time prior to the end of

the last accounting period for which the [foreign] corporation

failed to file a required timely report." N.J.S.A. 14A:13-20.

 In Bozzarello, a Pennsylvania loan company, Associates

Consumer Discount Company, initially brought suit against New

Jersey resident defendants for defaulting in payments on a

promissory note. Bozzarello II, supra, 168 N.J. Super. at 212.

That suit was dismissed because the nonresident corporate

plaintiff failed to comply with the filing requirements of the

Reporting Act. Assocs. Consumer Disc. Co. v. Bozzarello, 149 N.J.

Super. 358 (App. Div. 1977) (Bozzarello I). Thereafter, the

unsuccessful corporate plaintiff assigned the note to Associates

Financial Services Co. of New Jersey, Inc., a New Jersey

corporation, which brought a new action against defendants on the

 5 A-4662-15T2
note. Bozzarello II, supra, 168 N.J. Super. at 212. In affirming

the trial court's dismissal of the second action, we held that the

prohibition against a foreign corporation suing on a note, where

it had failed to file the required business activities report,

could not be evaded by assigning the note or the cause of action

to a New Jersey corporation. Id. at 213-14.

 Subsequently, our Supreme Court in Lott confronted the issue

of whether a foreign bank may maintain a mortgage foreclosure

action in New Jersey Superior Court, notwithstanding its failure

to comply with the filing requirements of the Reporting Act.

Lott, supra, 99 N.J. at 33. In affirming the denial of defendants'

motion to dismiss, the Court noted: "Neither the terms of the

Reporting Act nor its legislative history suggests that the

Legislature intended to include foreign banks within the

definition of 'corporation' contained in N.J.S.A. 14A:13-17b.

Furthermore, the statutory scheme reveals the Legislature's

intention to treat foreign banks differently from foreign business

corporations." Id. at 35. The Court added, "the Reporting Act

was designed to facilitate the collection of corporate taxes, an

endeavor that has no application to a foreign bank such as

American." Id. at 40.

 Like the trial court, we find the reasoning in Lott

persuasive. Simply put, under Lott, the Reporting Act does not

 6 A-4662-15T2
apply to foreign banks filing foreclosure actions in New Jersey.

Id. at 40-41. Defendants concede the Act is equally inapplicable

to federally-chartered national banking associations, such as

plaintiff. Defendants' motion to dismiss was therefore properly

denied.

 The trial court also properly denied reconsideration, as

defendants did not present any new information that was previously

unavailable or demonstrate the court's earlier decision was based

on a palpably incorrect or irrational basis. See Cummings v.

Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996); D'Atria v.

D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

 Defendants also challenge the trial court's denial of their

motion to vacate default. In support of the motion, defense

counsel certified that defendants wished to renew their motion to

dismiss based on the Recording Act, which constituted a

"meritorious defense" to the foreclosure action and "good cause"

to vacate default.

 Rule 4:43-3 authorizes a court to set aside an entry of

default "[f]or good cause shown." "[A]n application to vacate

default 'should be viewed with great liberality and every

reasonable ground for indulgence is tolerated to the end that a

just result is reached.'" N.J. Div. of Youth and Family Servs.

v. P.W.R., 410 N.J. Super. 501, 508 (App. Div. 2009) (citations

 7 A-4662-15T2
omitted), rev’d on other grounds, 205 N.J. 17 (2011). The standard

for setting aside an entry of default is less stringent than the

standard for setting aside a default judgment. US Bank Nat. Ass'n

v. Guillaume, 209 N.J. 449, 466-67 (2012) (citation omitted).

 A party seeking to set aside default may establish good cause

by demonstrating "the presence of a meritorious defense worthy of

judicial determination . . . and the absence of any contumacious

conduct[.]" O'Connor v. Altus, 67 N.J. 106, 129 (1975). "[T]he

showing of a meritorious defense is a traditional element necessary

for setting aside both a default and a default judgment . . . ."

Pressler & Verniero, Current N.J. Court Rules, comment on R. 4:43-

3 (2017).

 That element is required because, like a motion to vacate a

default judgment, when a party has no meritorious defense, "[t]he

time of the courts, counsel and litigants should not be taken up

by such a futile proceeding." Guillaume, supra, 209 N.J. at 469

(quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div.

1953)). We review the denial of a motion to vacate default under

an abuse of discretion standard. Cf. id. at 467.

 Applying these principles, we conclude the trial court did

not abuse its discretion in denying defendants' motion. We note

defendants' standing argument was rejected and summary judgment

entered them in the prior action. We have found defendants'

 8 A-4662-15T2
argument that plaintiff is not permitted to pursue this action by

virtue of the strictures of the Recording Act equally unavailing.

Defendants do not deny execution of the note and mortgage, and

have made no mortgage payment since 2008.

 Affirmed.

 9 A-4662-15T2