BANK LEUMI TRUST COMPANY OF NEW YORK, PLAINTIFF,
v. MARGARET SCHNEIDER, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided December 17, 1981.

*Frank A. Biancola* argued the motion for the defendant movant (*Donohue, Donohue, Costenbader & Strasser*, attorneys).

*Wayne Partenheimer* argued the motion for the plaintiff (*Melnik, Morgan & Klein*, attorneys).

MARZULLI, J. S. C.

The issue addressed by this opinion is whether a foreign bank purchasing mortgages and receiving monthly payments thereon must comply with the Corporation Business Activities Reporting Act (hereinafter the Reporting Act), *N.J.S.A.* 14A:13–14 *et seq.*

Plaintiff is a bank, incorporated in the State of New York, and is not registered to do business in the State of New Jersey. Other than collecting mortgage payments from residents of New Jersey, plaintiff has no other business transactions in this State.

Plaintiff brought suit on a note and mortgage executed by defendant. The obligation was transferred by the original

mortgagee to a mortgage broker known as the Dartmouth Plan, who later sold and assigned the note and mortgage to plaintiff. Defendant defaulted.

Defendant moved to dismiss the complaint for failure to comply with the provisions of the Reporting Act. Defendant contended that since plaintiff is not registered to do business in the State of New Jersey, it is not entitled to bring an action in the courts of New Jersey. Defendant's allegation is based on *N.J.S.A.* 14A:13–15, which states:

Every foreign corporation which during any calendar or fiscal accounting year ending after December 31, 1973, carried on any activity or owned or maintained any property in this State, unless specifically exempted under Section 3 of this Act [not applicable to plaintiff], shall be required to file a notice of business activities report.

Activities or property maintenance in this State which require corporations to file this report are:

. . . . . . . .

(e.) receiving payments from persons residing in this State, or businesses located in this State, aggregating in excess of $25,000 regardless of any other connections with this State, or if the derivation of income from any source or sources within this State. . . .

Plaintiff admits it receives more than $25,000 a year from New Jersey residents, *N.J.S.A.* 14A:13–15(e), but, among other things, argues foreign banks are governed by the Banking Act of 1948, *N.J.S.A.* 17:9A–315 *et seq.*; therefore, the above provisions of the Reporting Act are not applicable.

The Banking Act requires any foreign bank wishing to transact business in this State to obtain from the Commissioner of Banking and Insurance a certificate of authority to transact such business and may transact business in this State only as an executor, testamentary trustee or guardian. *N.J.S.A.* 17:9A–316(B). However, the enforcement in this State of any obligations acquired by it in the transaction of business outside of this State is not prohibited. *N.J.S.A.* 17:9A–331(3).

If plaintiff is governed by the Banking Act, clearly it is exempt from the requirement of the Reporting Act.

Both acts are silent as to what would happen in the event of a conflict between the statutes themselves or any other statute.

This issue was addressed by the former Court of Errors and Appeals in *Modern Industrial Bank v. Taub*, 134 *N.J.L.* 260 (1946). In that case the court construed the real estate broker licensing statute in light of the Negotiable Instruments Act. The court held:

Where there is no express repeal, none is presumed to have been intended, and the effect of a new statute upon a long established statutory policy is always in view. If the expression is susceptible of two meanings, that will be adopted which comports with the general public policy of the State, as manifested by its legislation, rather than that which runs counter to such policy. It is to be presumed that the law-making body did not intend to disregard or modify a long settled statutory policy, unless the purpose so to do is declared in certain and unequivocal terms. [at 263, 264]

The rational in *Taub* suggests that the provisions of the Banking Act and not those of the Reporting Act are controlling.

If foreign banks were subject to the provisions of the Reporting Act, the economy of New Jersey would suffer a substantial blow. The potential market for the sale of mortgage obligations of New Jersey residents would be limited to those corporations which have complied with the Reporting Act, as those corporations would be the only ones that could enforce an obligation in the event of a default by the debtor.

The sale of mortgage obligations is an essential element of New Jersey's economy. Any reduction of the potential market to which such obligations could be sold, would be detrimental to those companies that rely upon their sale for operating capital, resulting in an increase in competition between sellers of mortgage obligations, thereby reducing the market price. This would tend to cause higher interest rates for borrowers.

I feel that the Legislature did not intend these results when it enacted the Reporting Act.

For the above stated reasons, I conclude that the provisions of the Reporting Act do not apply under the facts of this case.