188 N.J. Super. 423 (1982)
457 A.2d 1179
BANK LEUMI TRUST COMPANY OF NEW YORK, PLAINTIFF-RESPONDENT,
v.
MARGARET SCHNEIDER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 6, 1982.
Decided December 14, 1982.
*425 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Frank A. Biancola, attorney for appellant.
Melnik, Morgan & Klein, attorneys for respondent (Wayne Partenheimer on the brief).
*426 Irwin I. Kimmelman, Attorney General, filed a brief amicus curiae (James J. Ciancia, Assistant Attorney General, of counsel; Dennis R. Casale, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant Margaret Schneider appeals by leave granted (R. 2:2-4) from an interlocutory order which denied her motion to dismiss the complaint because of the failure of plaintiff Bank Leumi Trust Company of New York (bank) to comply with the Corporate Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq.
The facts relevant to the appeal are undisputed. On May 10, 1978 Schneider entered into a home improvement contract with Delco Applicators Corp. for certain work to be done at 30 Woodland Avenue, West Orange, New Jersey. Schneider executed a $6,135.36 note payable to Delco Applicators Corp. in 84 consecutive monthly installments of $73.04 each. The note was assigned to The Dartmouth Plan, Inc., a New York corporation authorized to do business in New Jersey, and on June 13 Schneider executed a mortgage to The Dartmouth Plan in the amount of $6,437.36. The Dartmouth Plan assigned the note and mortgage to the bank on June 19. Both the mortgage and its assignment were recorded. Schneider allegedly defaulted on the note and the bank filed this suit to recover the balance due. In addition to her general denials of the allegations of the bank's complaint, Schneider asserted the following separate defenses:
Ninth Separate Defense:
Since plaintiff is a foreign corporation transacting business in New Jersey without a Certificate of Authority, plaintiff is barred from using the Courts of this State and there is an absence of subject matter jurisdiction.
Tenth Separate Defense:
Since plaintiff is a foreign corporation transacting business in New Jersey without having filed a Notice of Business Activities Report, plaintiff is barred from using the Courts of this State and there is an absence of subject matter jurisdiction.
*427 Discovery disclosed that the bank, incorporated in New York, had no certificate of authority to transact business in New Jersey. N.J.S.A. 14A:13-3; N.J.S.A. 17:9A-318. Nor had the bank ever filed a notice of business activities report under the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq. The bank acknowledged, however, that between 1977 and September 1981 it had engaged in 216 transactions with The Dartmouth Plan involving New Jersey residents and had approximate earnings from New Jersey residents totalling $389,876.64.
Schneider moved to dismiss the complaint on the ground that the bank "is barred from maintaining this action in any Court in the State of New Jersey by N.J.S.A. 14A:13-14 et seq. and by N.J.S.A. 14A:13-11." In his formal opinion (184 N.J. Super. 194 (Law Div. 1981)), the trial judge addressed only the issue of "whether a foreign bank purchasing mortgages and receiving monthly payments thereon must comply with the Corporation Business Activities Reporting Act." He found "a conflict" between the Reporting Act and § 9A-331(3) of the Banking Act of 1948, N.J.S.A. 17:9A-1 et seq., and concluded that N.J.S.A. 17:9A-331(3) is "controlling" and the Reporting Act "do[es] not apply under the facts of this case." 184 N.J. Super. at 197. Schneider appeals from the January 13, 1982 order which was thereupon entered denying her motion to dismiss.
N.J.S.A. 14A:13-15 requires a notice of business activities report to be filed by every foreign corporation
... which during any calendar or fiscal accounting year ending after December 31, 1973, carried on any activity or owned or maintained any property in this State, unless specifically exempted....
"Activities or property maintenance in this State" is defined in the same section to include
e. receiving payments from persons residing in this State, or businesses located in this State, aggregating in excess of $25,000.00 regardless of any other connections with this State; or
f. the derivation of income from any source or sources within this State.
N.J.S.A. 14A:13-20 imposes the following sanctions for failure to file timely reports:

*428 a. No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report.
b. The failure of a foreign corporation to file a timely report shall prevent the use of the courts in this State for all contracts executed and all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report.
The bank acknowledges, as it did in the trial court, that it has received "sufficient payments from New Jersey sources to fall within" N.J.S.A. 14A:13-15. The trial judge determined, however, that the Reporting Act did not apply to the bank because of N.J.S.A. 17:9A-331(3):
Nothing in this article shall prohibit a foreign bank from
........
(3) enforcing in this State obligations heretofore or hereafter acquired by it in the transaction of business outside of this State....
The authority thus granted is a limitation to N.J.S.A. 17:9A-330(A), which directs that a foreign bank without a certificate of authority (N.J.S.A. 17:9A-318) "shall not be entitled to maintain any action in any court of this State on any cause arising out of its transaction of business in this State...."
We do not discern any conflict between the relevant Reporting Act provisions and those of the Banking Act. The Banking Act, which comprehensively regulates the banking industry, merely declares that it does not "prohibit" a foreign bank from "enforcing" certain obligations in New Jersey. That declaration cannot fairly be read as intended to excuse a foreign bank from complying with other laws which fix preconditions on the use of our courts by foreign corporations. The Reporting Act imposes such preconditions, applicable to foreign corporations generally, not to regulate their business but rather to aid the enforcement of our tax laws. This court described the Reporting Act in Associates Consumer Discount Co. v. Bozzarello, 149 N.J. Super. 358 (App.Div. 1977):

*429 It is essentially an information gathering measure. Its clear purpose is to enable the Division of Taxation to obtain pertinent data from any foreign corporation which carries on an activity or owns or maintains property in this State but which has not obtained a certificate of authority to do business in New Jersey, to the end that a proper determination may be made as to whether such corporation is subject to any State tax. [at 362]
The Banking Act and the Reporting Act are thus directed to quite different ends and their provisions are not at odds. A foreign bank not authorized to do business in New Jersey is not prohibited by either the Banking Act nor the Reporting Act from "enforcing" certain obligations in our courts, but if it wishes to use our courts the Reporting Act requires that it must first fulfill the requirements imposed upon foreign corporations generally to report their New Jersey activities. We find no inconsistency in these statutory provisions and no reason to deny efficacy to any of them.
In reaching his conclusion that the sanctions of the Reporting Act "do not apply under the facts of this case" the trial judge reasoned that "the economy of New Jersey would suffer a substantial blow" if New Jersey mortgages could only be sold to corporations which have complied with the act and that reduction in the potential market "would tend to cause higher interest rates for borrowers." 184 N.J. Super. at 197. These concerns address the wisdom of the Reporting Act sanctions, not their viability. Even if invocation of those sanctions would have an economic impact unanticipated by the Legislature, we cannot properly declare them inoperative.
Following the parties' initial submission of briefs, our attention was called to the provisions of N.J.S.A. 17:9A-338:
Except to the extent specifically made applicable by this act, the provisions of Title 14A of the New Jersey Statutes as enacted and as amended or supplemented shall not apply to banks and savings banks.
We requested the parties to submit supplemental briefs addressed to this provision and in addition invited the Attorney General to offer his views. In his brief as amicus curiae the Attorney General argues that N.J.S.A. 17:9A-338 is not applicable; he also joins Schneider in urging that the order under review be reversed.
*430 We are satisfied that N.J.S.A. 17:9A-338 does not excuse a foreign bank from complying with the Reporting Act. That section renders provisions of Title 14A inapplicable to "banks and savings banks." N.J.S.A. 17:9A-1(1) defines "bank" as follows:
(1) "Bank" shall include the following:
(a) Every corporation heretofore organized pursuant to the act entitled "An act concerning banks and banking (Revision of 1899)," approved March 24, 1899;
(b) Every corporation heretofore organized pursuant to the act entitled "An act concerning trust companies (Revision of 1899)," approved March 24, 1899;
(c) Every corporation heretofore organized pursuant to chapter 4 of Title 17 of the Revised Statutes;
(d) Every corporation, other than a savings bank, heretofore authorized by any general or special law of this State to transact business as a bank or as a trust company, or as both;
(e) Every corporation hereafter organized pursuant to article 2 of this act.
N.J.S.A. 17:9A-1(13) defines "savings bank" as follows:
(13) "savings bank" shall include the following:
(a) Every corporation heretofore organized pursuant to the act entitled "An act concerning savings banks," approved April 12, 1876;
(b) Every corporation heretofore organized pursuant to the act entitled "An act concerning savings banks," approved May 2, 1906;
(c) Every corporation heretofore organized pursuant to chapter 6 of Title 17 of the Revised Statutes;
(d) Every corporation, other than a bank, authorized by any general or special law of this State to carry on the business of a savings bank or institution or society for savings;
(e) Every corporation hereafter organized pursuant to article 3 of this act.
Since the bank is neither organized pursuant to any New Jersey statute nor "authorized by any general or special law of this State" to conduct business as a bank or savings bank, N.J.S.A. 17:9A-338 simply does not apply to it. As the Attorney General points out, that section is evidently intended to ensure that the many specific provisions of the Banking Act of 1948 governing the formation, organization and operation of banking institutions are not duplicated by or in conflict with the more general laws contained in Title 14A. In light of that reading of N.J.S.A. 17:9A-338, we need not address the further and interesting contention of Schneider that the Reporting Act should *431 properly have been allocated by Legislative Counsel and the Division of Legal Services to Title 54 rather than Title 14A and that in any event the allocation to Title 14A does not represent the legislative intent. See N.J.S.A. 52:11-61(d)(4); N.J.S.A. 52:11-61(i).
Since the bank concededly conducted activities described in N.J.S.A. 14A:13-15 and failed to file the required notice of business activities reports, we find its maintenance of the present action is foreclosed by N.J.S.A. 14A:13-20. We therefore need not consider Schneider's alternate defense that the bank was "transacting business" so as to require a certificate of authority under N.J.S.A. 14A:13-3 before it could prosecute its claim in the New Jersey courts.[1]N.J.S.A. 14A:13-11(1); see, also, N.J.S.A. 17:9A-318.
We also find it inappropriate to pass upon the further argument of Schneider, not addressed in the trial court, that the "escape" clause of N.J.S.A. 14A:13-20(c) is unavailable to the bank. That section permits the court to excuse a foreign corporation for failure to file a report under circumstances there described; Schneider contends that the provision cannot be utilized to permit prosecution of the present cause of action which arose at a time "prior to the end of the last accounting period for which the corporation failed to file a required timely report." N.J.S.A. 14A:13-20(b). The bank has not filed its reports nor paid or provided security for "all taxes, interest and civil penalties" which might be due (N.J.S.A. 14A:13-20(c)(2)) and the issue is therefore not yet ripe for determination.
The order under review is reversed and the matter is remanded to the Law Division for the entry of an order dismissing the complaint without prejudice.
NOTES
[1] The order appealed from recites that the court had concluded that "the actions of the plaintiff are governed by Article 44 of the Banking Act of 1948, N.J.S.A. 17:9A-315-332 rather than the provisions of N.J.S.A. 14A:13-1 et seq. and 14A:13-14 et seq." The opinion below, however, does not make any reference to N.J.S.A. 14A:13-1 et seq.