193 N.J. Super. 516 (1984)
475 A.2d 73
AMERICAN BANK AND TRUST COMPANY OF PENNSYLVANIA, PLAINTIFF-RESPONDENT,
v.
FRANK W. LOTT, JR. AND CAROLE A. LOTT, FIRST NATIONAL BANK AND TRUST COMPANY OF BEVERLY, DEFENDANTS-APPELLANTS, AMERICAN BANK AND TRUST COMPANY OF PENNSYLVANIA, PLAINTIFF-RESPONDENT,
v.
FRANK W. LOTT, JR. AND CAROLE A. LOTT, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 15, 1984.
Decided March 14, 1984.
*517 Before Judges MICHELS, KING and DREIER.
I. Michael Heine argued the cause for appellants Frank W. Lott, Jr. and Carole A. Lott (I. Michael Heine, on the brief).
*518 Charles L. Winne argued the cause for respondent (Tomar, Parks, Seliger, Simonoff & Adourian, attorneys; James Katz, on the brief).
The opinion of the court was delivered by: DREIER, J.A.D.
Defendants Lott appeal from a Chancery Division order denying their motion to dismiss plaintiff's complaint for failure to comply with the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq. The issues raised in this case require a reexamination of the principles established by this court in Bank Leumi Trust Co. of N.Y. v. Schneider, 188 N.J. Super. 423 (App.Div. 1982), and the interplay among the certificate of authority sections of the General Corporation Act, N.J.S.A. 14A:13-1 et seq., the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq., and the foreign banks provisions of the Banking Act of 1948, N.J.S.A. 17:9A-315 et seq. We hold that where a foreign bank has obtained a Certificate of Authority from the Commissioner of Banking under the Banking Act, even when it performs acts outside the scope of that certificate but within the exempt transactions provisions of the act (N.J.S.A. 17:9A-331), it is relieved from filing a notice of Business Activities Report under N.J.S.A. 14A:13-16(a).
Defendants Lott were indebted to plaintiff as guarantors of an indebtedness incurred in Pennsylvania on behalf of their Pennsylvania corporations. The businesses later were moved with plaintiff's knowledge to New Jersey, experienced financial difficulties and are the subject of a separate bankruptcy action. Plaintiff has pursued the Lotts by way of a mortgage foreclosure proceeding involving real estate mortgages which secure their individual guarantees. Defendants have raised the bar of N.J.S.A. 14A:13-20(a) and (b) in this proceeding. The statute reads as follows:

*519 a. No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report.
b. The failure of a foreign corporation to file a timely report shall prevent the use of the courts in this State for all contracts executed and all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report.
Judge Alexander Wood in the Chancery Division rejected this claim stating:
In the present case, the plaintiff bank has obtained a Certificate of Authority to transact business pursuant to the New Jersey Statutes 17:9A-316 ... [H]aving secured a Certificate of Authority to do business as required by Title 17, the bank is exempt from any of the requirements of Title 14A; ... [T]he bank is not barred from maintaining this action this date ...
We agree and affirm. The exemption section from Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-16, reads as follows:
A foreign corporation shall not be required to file a notice of business activities report if
a. by the end of an accounting period for which it was otherwise required to file a notice of business activities report under this act, it had received a certificate of authority to do business in this State; or
b. a timely return has been filed under the Corporation Business Tax Act or the Corporation Income Tax Act for such accounting period.
Since plaintiff had received a certificate from the Commissioner of Banking pursuant to N.J.S.A. 17:9A-318 and 319, the issue before us is whether that certificate satisfies the requirements of plaintiff having "received a certificate of authority to do business in this State" under N.J.S.A. 14A:13-16(a). The receipt of this certificate is what has distinguished this case from Bank Leumi Trust Co. of N.Y. v. Schneider, supra. In that case, the court found that the plaintiff was a "corporation" within the definition of N.J.S.A. 14A:13-17(b), but did not reach the issue of whether the receipt of a banking certificate of authority would satisfy the exemption section, since the plaintiff *520 there had not obtained such a certificate to act as an executor, testamentary trustee or guardian.
We note that plaintiff could not have obtained a general certificate of authority under N.J.S.A. 14A:13-1 et seq., since plaintiff as a banking corporation did not fulfill the definition of a "foreign corporation" in N.J.S.A. 14A:1-2(j) in that it was formed for banking purposes, and such purposes are not permitted for general business corporations in New Jersey. Therefore, if it were to prevail here, either it had to file a notice of business activities report, or its limited certificate of authority would be required to exempt it from the Reporting Act. We have considered these alternatives. We note that insofar as plaintiff would carry on the permitted activities under its limited certificate, i.e. as executor, testamentary trustee or guardian, it would be unfair to have closed the courts to actions by it. We further recognize that fees obtained in that capacity would count towards the $25,000 minimum income that would justify application of the act under N.J.S.A. 14A:13-15(e). Further, we note that a bank holding such a limited certificate might well also have to realize upon collateral located in New Jersey on out-of-state transactions, and such efforts are exempted from "banking activities" under N.J.S.A. 17:9A-331(3).
The application for a certificate of authority for a non-banking foreign corporation under N.J.S.A. 14A:13-4 is virtually the same as that required for the application for a limited certificate from a foreign bank, thus our decision that this limited certificate will satisfy the Reporting Act does no violence to the State's need for information. When applying for the limited certificate a foreign bank agrees that "it will comply all the requirements of the laws of this State which shall be applicable from time to time to the transaction of its business in this State." N.J.S.A. 17:9A-318(4)(a). Thus, if the foreign bank is subject to either the Corporation Business Tax Act (N.J.S.A. 54:10A-1 et seq.) or the Corporation Income Tax Act (N.J.S.A. *521 54:10E-1 et seq.), it has agreed to comply with these taxation provisions. If the Division of Taxation requires of such a foreign bank reports of its business activities so as to impose the tax, it is as easy for the Division to obtain a listing of the holders of these limited banking certificates as to obtain a similar list from the Secretary of State of the holders of general certificates under N.J.S.A. 14A:13-1 et seq. In short, the same problem is not found here as existed in the Bank Leumi Trust Co. case. Here there is already a record that the plaintiff is doing some business in New Jersey, and thus adequate reports can be required. In the Bank Leumi Trust Co. case there was no record of the bank doing business in this State, and, therefore, the Act had to be enforced in order to obtain a business activities report to insure that this State could obtain any applicable taxes.
Plaintiff has also urged that enforcement of this act against it is not warranted because it had not met the $25,000 per year minimum activities required by N.J.S.A. 14A:13-15(e). We need not reach this factual issue, although at oral argument we granted defendant's motion to supplement the record with a deposition taken in the bankruptcy proceeding that strongly indicated that this requirement had been met. Lastly, plaintiff has argued that the application of the Act to it was unconstitutional under Coons v. American Honda Motor Co., 94 N.J. 307 (1983). It is a well established precept of constitutional law that constitutional questions are to be avoided if the case can be disposed of on other grounds, Donadio v. Cunningham, 58 N.J. 309, 325-326 (1971). Since we have found an adequate basis upon which to determine that the Reporting Act is not applicable to plaintiff under these circumstances, we do not reach the constitutional issue.
The order of Judge Wood in the Chancery Division is affirmed.