AMERICAN BANK & TRUST COMPANY OF PENNSYLVANIA, PLAINTIFF-RESPONDENT, v. FRANK W. LOTT, JR. AND CAROLE A. LOTT, DEFENDANTS-APPELLANTS, AND FIRST NATIONAL BANK & TRUST COMPANY OF BEVERLY, DEFENDANT.

AMERICAN BANK & TRUST COMPANY OF PENNSYLVANIA, PLAINTIFF-RESPONDENT, v. FRANK W. LOTT, JR. AND CAROLE A. LOTT, DEFENDANTS-APPELLANTS.

Argued November 5, 1984—Decided April 10, 1985.

*I. Michael Heine* argued the cause for appellants (*I. Michael Heine*, attorney; *E. Hunter Taylor*, on the brief).

*Charles L. Winne* argued the cause for respondent (*Tomar, Parks, Seliger, Simonoff & Adourian*, attorneys; *James Katz*, on the brief).

The opinion of the Court was delivered by

POLLOCK, J.

The issue on this appeal is whether a foreign bank, notwithstanding its failure to comply with the filing requirements of the Corporation Business Activities Reporting Act, *N.J.S.A.* 14A:13–14 to –23 (Reporting Act), may maintain a mortgage foreclosure action in the Superior Court.

Plaintiff, American Bank & Trust Company (American), a Pennsylvania bank, sued to foreclose mortgages on property owned by defendants Frank W. Lott, Jr. and his wife, Carole. The Lotts moved to dismiss the complaint because American had neither filed a notice of business activities report as required by *N.J.S.A.* 14A:13–15 nor qualified for an exemption from filing by obtaining a certificate of authority to do business as permitted by *N.J.S.A.* 14A:13–16 a. Another provision of the Reporting Act, *N.J.S.A.* 14A:13–20, prevents a foreign corpora-

tion from maintaining an action in the state or federal courts of New Jersey if it fails to satisfy those statutory requirements. The Lotts contend that, because American did not satisfy those requirements, it may not maintain the present action.

The trial court denied the Lotts' motion to dismiss the complaint, and the Appellate Division affirmed. 193 *N.J.Super.* 516 (1984). In affirming, the Appellate Division concluded that a certificate of authority to act as an executor, testamentary trustee, or guardian, issued by the New Jersey Commissioner of Banking (Commissioner) to American pursuant to *N.J.S.A.* 17:9A–316, satisfied the Reporting Act exemption from filing a notice of business activities report under *N.J.S.A.* 14A:13–16 a. 193 *N.J.Super.* at 518.

Although we affirm the judgment of the Appellate Division, we do so because we conclude that the Legislature did not intend the Reporting Act to apply to foreign banks. Because the Reporting Act does not apply, the requirements of that Act and American's certificate to perform certain fiduciary activities are irrelevant to the determination whether American can maintain the present action.

I

American is a bank organized under the laws of Pennsylvania, with its principal office in Reading. Although it does not maintain a New Jersey office, American has made loans to New Jersey borrowers and has secured a certificate as required by *N.J.S.A.* 17:9A–316(B) to perform limited fiduciary activities in this state.

Frank Lott is the principal shareholder and operations manager of Staveco Electrical Construction Co. (Staveco). American lent substantial sums of money to Staveco pursuant to loans closed in Pennsylvania. By September 1981, however, Staveco was in default on its loans. In exchange for four mortgages on three New Jersey properties and the personal guarantees of the Lotts, American agreed to refinance the

loans and advance fresh capital to Staveco. One month later, Staveco moved from Pennsylvania to New Jersey, and American subsequently extended approximately $300,000, bringing Staveco's principal indebtedness to $875,000. In March 1982, Staveco filed a petition in bankruptcy, and American brought the present action to foreclose the mortgages.

## II

The resolution of this case turns on whether the Legislature intended that the filing provision of the Reporting Act apply not only to foreign business corporations, but also to foreign banks such as American. Neither the terms of the Reporting Act nor its legislative history suggests that the Legislature intended to include foreign banks within the definition of "corporation" contained in *N.J.S.A.* 14A:13–17 b. Furthermore, the statutory scheme reveals the Legislature's intention to treat foreign banks differently from foreign business corporations. That conclusion follows from an analysis of the scope of three separate statutes: the Banking Act of 1948, *N.J.S.A.* 17:9A–1 to –369; the Business Corporation Act of 1968, *N.J.S.A.* 14A:1–1 to –17–16; and the Reporting Act.

Generally speaking, banking in New Jersey is a closely regulated activity under the jurisdiction of the Commissioner. *N.J.S.A.* 17:1–1; *N.J.S.A.* 17:1B–1. The Banking Act of 1948, including Article 44 entitled "Foreign Banks," represents a comprehensive scheme for regulating banking. Article 44 specifically prohibits foreign banks from transacting business in New Jersey, *N.J.S.A.* 17:9A–316 A, and from maintaining an office in this state, *N.J.S.A.* 17:9A–316 C. A foreign bank, however, may act as an executor, testamentary trustee, or guardian, provided it has obtained a certificate of authority to act in those capacities. *N.J.S.A.* 17:9A–316 B. Significantly, the Act does not prohibit a foreign bank from enforcing obligations in New Jersey that are "acquired by it in the transaction of business outside of this State." *N.J.S.A.* 17:9A–331.

Relying on that section, former Attorney General William F. Hyland issued a formal opinion to the Commissioner concluding that, under certain circumstances, a Pennsylvania bank could make second mortgage loans to New Jersey residents on New Jersey residential property. Attorney General Hyland carefully noted that a foreign bank could not solicit, advertise, or employ brokers with respect to consummating those loans. He concluded, however, that "where all of the activities surrounding the loan occur exclusively in the foreign jurisdiction, there would appear to be no legal impediment to a foreign bank making loans to New Jersey residents on the security of residential property located in the State." *Op.Att'y.Gen.* No. 17 (August 5, 1975) at 109. Also relying on *N.J.S.A.* 17:9A–331, former Attorney General David D. Furman provided a formal opinion to the State Treasurer advising that activities reasonably related to the foreclosure of a mortgage on New Jersey realty did not subject a foreign bank to the New Jersey Corporation Business Tax Act, *N.J.S.A.* 54:10A–1 to –40. *Op.Att'y. Gen.* No. 5 (April 18, 1961) at 110. A later informal opinion of former Attorney General John J. Degnan to the Director of the Division of Taxation likewise concluded that a foreign bank that closed a New Jersey real estate mortgage at its out-of-state office was not, on the basis of that activity, subject to the Corporation Business Tax Act, *N.J.S.A.* 54:10A–1 to –40; the Corporation Income Tax Act, *N.J.S.A.* 54:10E–1 to –24; or the Savings Institution Tax Act, *N.J.S.A.* 54:10D–1 to –18. *Informal Op.Att'y.Gen.* (August 31, 1978), *reprinted in* 102 *N.J.L.J.* 378, 391 (October 26, 1978). The import of the formal opinions of the three attorneys general is that New Jersey permits a foreign bank to foreclose a mortgage on New Jersey property, and does not subject such a bank to the New Jersey corporation tax because of that activity.

The Business Corporation Act is a comprehensive act intended to govern the conduct of business by general corporations. *N.J.S.A.* 14A:1–1. Unlike the Banking Act, the Business Corporation Act is not concerned with a particular kind of corpora-

tion, such as banks, but with corporations in general. A corporation may be organized under the Business Corporation Act for any lawful business, except "to do in this State any business for which organization is permitted under any other statute of this State unless such statute permits organization under this act." *N.J.S.A.* 14A:2–1. This provision, when read in conjunction with the Banking Act, excludes banks. Commissioner's Comment, § 14A:2–1; *see also In re United Town Bldg. & Loan Ass'n,* 79 *N.J.L.* 31 (Sup.Ct.1909) (building and loan association may not incorporate under predecessor to Title 14A); *McCarter v. Imperial Trustee Co.,* 72 *N.J.L.* 42 (Sup.Ct. 1905) (corporation formed under predecessor to Title 14A could not engage in banking).

Chapter 13 of the Business Corporation Act focuses on considerations pertaining to foreign corporations in general, not on the special problems pertaining to foreign banks, which are treated in *N.J.S.A.* 17:9A–315 to –332. To conduct business in New Jersey, a foreign business corporation must obtain a certificate of authority from the Secretary of State. *N.J.S.A.* 14A:13–3.

To procure a certificate of authority under *N.J.S.A.* 14A:13–3, a foreign business corporation must file the following information with the Secretary of State: (a) the name of the corporation and the jurisdiction in which it was incorporated; (b) the date of incorporation; (c) its principal office; (d) the address of its office in New Jersey and of its agent for the service of process; and (e) the character of the business it intends to transact in the state. *N.J.S.A.* 14A:13–4. Upon obtaining such a certificate, a foreign corporation can engage in general business activities, as if it had been incorporated in New Jersey. By contrast, the Banking Act does not provide for a certificate of authority allowing a foreign bank to conduct general banking activities in New Jersey. A foreign bank that obtains a certificate of authority under *N.J.S.A.* 17:9A–318 can perform limited fiduciary activities only. It cannot conduct general banking activities such as issuing checks, transmitting funds,

maintaining an office, borrowing money, extending credit, or lending money. *See N.J.S.A.* 17:9A–24 through –28.

A foreign bank seeking a certificate of authority to perform fiduciary activities must submit to the Commissioner a copy of the bank's certificate of incorporation, which will include much of the information requested of foreign corporations under *N.J.S.A.* 14A:13–3 of the Business Corporation Act. *N.J.S.A.* 17:9A–318. Bespeaking heightened concern over the performance of fiduciary activities by out-of-state banks, however, *N.J.S.A.* 17:9A–318 also requires such a bank to file a statement of its financial condition, a certificate that it will comply with the laws of this state, *N.J.S.A.* 17:9A–318(4)(a), and a designation of the Commissioner as an agent for the service of process, *N.J.S.A.* 17:9A–318(5). Furthermore, the Commissioner may require such additional information as he or she may deem necessary. *N.J.S.A.* 17:9A–319 C.

Like *N.J.S.A.* 17:9A–330 of the Banking Act and *N.J.S.A.* 14A:13–11 of the Business Corporation Act, the Reporting Act prevents maintenance of an action in the New Jersey courts for failure to satisfy relevant statutory requirements. *N.J.S.A.* 14A:13–20. A foreign bank may not maintain an action in the New Jersey courts "on any cause arising out of its transaction of business in this State in violation of the provisions of [the Banking Act]." *N.J.S.A.* 17:9A–330 A. Thus, a foreign bank that has obtained a certificate of authority to act as a fiduciary and that engages in unauthorized activities would be precluded from suing on a cause of action arising out of those activities. A foreign corporation is similarly disabled from suing if it transacts business without a certificate of authority. *N.J.S.A.* 14A:13–11. Moreover, a foreign corporation may be barred under the Reporting Act from maintaining an action in the New Jersey courts if it does not file a notice of business activities report. *N.J.S.A.* 14A:13–20.

■ The Reporting Act excuses filing such a notice, however, in two instances. First, a foreign corporation need not file a

notice if it timely files a tax return under the Corporation Business Tax Act or the Corporation Income Tax Act. *N.J.S.A.* 14A:13–16. This exception for timely filing a relevant corporate tax return underscores the basic purpose of the Reporting Act, which is to provide the Division of Taxation with information to determine the tax liability of foreign corporations. *Associates Consumer Discount Co. v. Bozzarello,* 149 *N.J.Super.* 358, 362 (App.Div.1977). Consistent with that purpose, the notice of business activities report form is issued by the Division of Taxation and is filed with that Division. As discussed above, foreign banks are not subject to the New Jersey corporation tax and, therefore, need not file that report. In contrast, the Reporting Act clearly subjects foreign business corporations to New Jersey corporate taxes. *See* Neary, *Corporation Taxes: Two Significant Statutes,* No. 84 *N.J. State Bar J.* 49, 53 (Summer 1978).

The second exception to the filing requirements of the Reporting Act arises when a foreign corporation obtains a certificate of authority to do business in New Jersey. *N.J.S.A.* 14A:13–16. This exception allows a foreign corporation to satisfy the requirements of both the Reporting Act and the Business Corporation Act by obtaining a certificate of authority to do business pursuant to *N.J.S.A.* 14A:13–3. A foreign bank, however, may not qualify to engage in the business of banking by obtaining a certificate of authority under *N.J.S.A.* 14A:13–3. The most reasonable reading of the statute leads to the conclusion that the certificate of authority contemplated by *N.J.S.A.* 14A:13–16 is that available to a foreign corporation under *N.J.S.A.* 14A:13–3, not the limited certificate of authority to engage in fiduciary activities available to a foreign bank under *N.J.S.A.* 17:9A–316. Nothing indicates that the Legislature ever contemplated that a foreign bank would be obliged to exempt itself from the requirements of the Reporting Act by obtaining a limited certificate of authority under the Banking Act.

The mere fact that "corporation" is defined more broadly in the Reporting Act, *N.J.S.A.* 14A:13-17, than is "foreign corporation" in the Business Corporation Act, *N.J.S.A.* 14A:1-2(j), does not mean that the Legislature intended that foreign banks, which are excluded from the Business Corporation Act, should be included in the Reporting Act. The Business Corporation Act defines "foreign corporation" as a "corporation for profit organized under the laws of a jurisdiction other than this State for a purpose or purposes for which a corporation may be organized under this Act." *See N.J.S.A.* 14A:1-2. As previously noted, the definition of "corporation" in the Business Corporation Act is restricted to corporations organized under that Act and excludes banks, which are organized under Title 17. The Reporting Act, which is codified in an amendment to the Business Corporation Act, does not contain a separate definition of "foreign corporation," but defines "corporation" in terms that differ from those of the Business Corporation Act. It defines "corporation" as "any corporation, joint stock company, or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by a certificate of interest or ownership or similar instrument." *N.J.S.A.* 14A:13-17 b. Although this language conceivably could include corporations not included in the Business Corporation Act, nothing in the terms or history of the Reporting Act intimates that the Legislature intended to include banks within the definition. Moreover, as indicated earlier, the Reporting Act was designed to facilitate the collection of corporate taxes, an endeavor that has no application to a foreign bank such as American.

■ Hence, we agree with the decision of the Law Division in *Bank Leumi Trust Co. v. Schneider*, 184 *N.J.Super.* 194, 197 (1981), that the Legislature did not intend that the Reporting Act should apply to foreign banks. In *Bank Leumi*, a New York bank sued to recover on a note and mortgage notwithstanding its failure to file a notice of activities or to obtain a certificate of authority under the Reporting Act, *N.J.S.A.* 14A:13-16, or the Banking Act, *N.J.S.A.* 17:9A-316 B. The

Law Division denied the debtor's motion to dismiss the complaint for failure to comply with the Reporting Act. On appeal, the Appellate Division reversed, finding no conflict between the Reporting Act and the Banking Act. 188 *N.J.Super.* 423, 428–29 (1982). We believe, however, that the appropriate resolution depends not so much on the absence of conflict between the two acts as on the intention of the Legislature, which is that the Reporting Act not apply to foreign banks. Accordingly, we overrule the decision of the Appellate Division in *Bank Leumi.*

In the present case, the Appellate Division recognized that American is not a "foreign corporation" as that term is defined in the Corporation Act and concluded that American need not obtain a certificate of authority under that Act. 193 *N.J.Super.* at 520. In distinguishing *Bank Leumi,* the Appellate Division found that American's limited certificate of authority satisfied the requirements of the Reporting Act. *Id.* at 519–21. As previously stated, however, the Reporting Act does not apply to foreign banks. Furthermore, the subject of this case, a mortgage foreclosure, does not arise out of the performance of fiduciary activities authorized by American's certificate. Consequently, that certificate has no bearing on the matter. Because we conclude that the Reporting Act is inapplicable, we do not reach American's claim that the requirements of the Reporting Act as applied to it constitute an unconstitutional burden on interstate commerce. *See Donadio v. Cunningham,* 58 *N.J.* 309, 325–27 (1971).

As modified, the judgment of the Appellate Division is affirmed.

*For modification and affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For reversal*—None.