**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0899-18T1

CAPITAL ONE, N.A.,

     Plaintiff-Respondent,

v.

LAURENCE FRANKLIN,

     Defendant-Appellant,

and

MRS. FRANKLIN, unknown
spouse of LAURENCE FRANKLIN,
TRACY VILLAGE CONDOMINIUM
ASSOCIATION, INC., RARITAN
BAY FEDERAL CREDIT UNION,
DISCOVERY BANK, STATE OF
NEW JERSEY, and TD BANK, N.A.,

     Defendants.

_____

Submitted October 21, 2019 – Decided November 4, 2019

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-006480-14.

Rubenstein Business Law, attorneys for appellant (David A. Rubenstein, on the brief).

Milstead & Associates, LLC, attorneys for respondent (Bernadette Irace, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Laurence Franklin appeals from a Chancery Division order denying his motion to vacate the final judgment and stay the September 24, 2018 sheriff's sale.[1] We affirm.

I.

The record reveals the following information.[2] On November 28, 2006, defendant borrowed $700,400 from Chevy Chase Bank, F.S.B. and executed a promissory note to evidence the loan. To secure the note, defendant executed a mortgage affecting his residence in Clarksburg to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Chevy Chase Bank, F.S.B. The mortgage was recorded on December 12, 2006.

---

[1]  In this opinion we refer to Laurence Franklin as "defendant." The other defendants have not participated in this appeal.

[2]  The table of contents, statement of facts, and table of other authorities sections of defendant's brief do not meet the requirements of Rule 2:6-2(a), (c).

In January 2012, defendant executed a loan modification agreement, which adjusted the unpaid principal balance to $975,444.83 and deferred $560,366.89 of the principal balance.

On July 1, 2013, defendant defaulted on the loan and has failed to make any payments since that date. Plaintiff Capital One, N.A. mailed a notice of intent to foreclose to defendant by certified and regular mail on October 8, 2013.

The mortgage was assigned by MERS to plaintiff on February 3, 2014. Plaintiff filed the complaint on February 21, 2014. The assignment was recorded on March 6, 2014. On April 4, 2014, defendant filed a contesting answer. He subsequently filed an amended answer.

On May 9, 2014, plaintiff moved for summary judgment. On June 6, 2014, defendant moved for summary judgment. The motion judge granted plaintiff's motion and denied defendant's motion. Defendant's amended answer and affirmative defenses were stricken with prejudice and the matter was returned to the Office of Foreclosure as an uncontested foreclosure. Defendant moved for reconsideration. On August 8, 2014, the motion judge denied reconsideration.

On October 24, 2014, defendant's motion to stay the foreclosure action pending appeal was denied. In February 2015, plaintiff moved for entry of

A-0899-18T1

default judgment. Defendant did not oppose the application. A final judgment of foreclosure and writ of execution, in the amount of $1,006,681.06, were entered in favor of plaintiff on April 2, 2015. Defendant did not appeal from the entry of judgment.

A sheriff's sale of the mortgaged premises was initially scheduled for December 12, 2016. The sale was adjourned to January 23, 2017, as a result of defendant utilizing his two statutory adjournments.

On January 23, 2017, defendant filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. It was dismissed by the Bankruptcy Court on April 10, 2017.

Plaintiff placed the foreclosure on hold from May 2017 to February 7, 2018, while it attempted to pursue loss mitigation options with defendant. When those efforts proved unsuccessful, on January 2, 2018, plaintiff's Loss Mitigation Department mailed defendant a notice of action taken advising defendant it had denied his loan modification request. Plaintiff reactivated the foreclosure action and obtained an alias writ of execution on February 14, 2018.

A sheriff's sale was then scheduled for April 16, 2018. The sale was adjourned to May 14, 2018, as a result of defendant, again, utilizing his two statutory adjournments. The sheriff's sale was then stayed as a result of

4

defendant filing a second Chapter 13 bankruptcy petition on May 14, 2018. It was dismissed by the Bankruptcy Court on August 22, 2018.

The sheriff's sale was rescheduled for September 24, 2018. Defendant filed an emergent application to stay the sheriff's sale on September 17, 2018. The stay application was denied by the motion judge that same day. The judge further declared there shall be no further adjournments of the sheriff's sale. The sale took place on September 24, 2018, with plaintiff the successful bidder.

Defendant then filed a motion to stay the sale and to vacate the final judgment. Plaintiff opposed the motion, arguing, in part, that it was time barred because it was not filed within a reasonable period after the entry of judgment in April 2015.

The motion judge issued an oral decision denying the motion on September 28, 2018. The judge made the following findings. Defendant did not raise the issue of standing before the entry of judgment. "Lack of standing is not a meritorious defense to a foreclosure when raised post judgment as a basis to vacate the judgment." Pursuant to Rule 4:34-3, plaintiff is permitted to continue with the foreclosure despite the transfer of its interest. Defendant did not dispute that the prima facie requirements for foreclosure were met. Defendant "could have and should have" raised any argument that plaintiff was

not permitted to proceed with this foreclosure action "long ago, not in this post judgment setting." The judgment was entered in 2015. The motion to vacate the judgment was filed more than three years after it was entered. The judge rejected defendant's argument that plaintiff violated 12 C.F.R. § 1024.41 (2019), finding plaintiff advised defendant that his request for loan modification had been denied by letter dated January 2, 2018. This appeal followed.

Defendant argues he is entitled to have the judgment and sheriff's sale vacated because he established exceptional circumstances sufficient to require relief pursuant to Rule 4:50-1(f). He contends plaintiff is barred from bringing this action because it is a foreign entity not registered to conduct business in New Jersey pursuant to N.J.S.A. 14A:13-11 and did not file a business activities report pursuant to N.J.S.A. 14A:13-15. He also contends the sale must be vacated because plaintiff was in violation of 12 C.F.R. § 1024.1(c), promulgated by the Consumer Financial Protection Bureau pursuant 12 U.S.C. § 5512 (2018). Finally, plaintiff contends plaintiff lacked standing to foreclose because the assignment of the mortgage is invalid.

## II.

This case proceeded to the second stage of the default process, entry of a default judgment pursuant to Rule 4:43-2, before defendant sought relief from

6

the order striking his answer and affirmative defenses. Therefore, defendant must meet the standard of Rule 4:50-1. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Relief from judgment under Rule 4:50-1 "is not to be granted lightly." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). Moreover, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2020). That is so because when a party has no meritorious defense, "[t]he time of the courts, counsel and litigants should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

Before the trial court and on appeal, defendant relied upon Rule 4:50-1(f), "which permits courts to vacate judgments for 'any other reason justifying relief from the operation of the judgment or order.'" Id. at 484 (quoting R. 4:50-1(f)). Relief under the subsection (f) "is available only when 'truly exceptional circumstances are present.'" Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). Subsection (f) "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289).

 A-0899-18T1

"We review the trial court's decision for abuse of discretion." <u>Deutsche Bank Nat'l Trust Co. v. Russo</u>, 429 N.J. Super. 98, 101 (App. Div. 2012) (citing <u>Guillaume</u>, 209 N.J. at 467). "'The trial court's determination under the [<u>Rule</u> 4:50-1] warrants substantial deference,' and the abuse of discretion must be clear to warrant reversal." <u>Ibid.</u> (quoting <u>Guillaume</u>, 209 N.J. at 467). A reviewing court "finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Ibid.</u> (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 123 (2007)). On this record, we find no abuse in the trial court's decision.

## III.

Defendant contends plaintiff was precluded from obtaining judgment and proceeding to a sheriff's sale because it is a foreign bank and is not registered to conduct business in New Jersey pursuant to N.J.S.A. 14A:13-11. We disagree.

Plaintiff was not the original lender. The Foreign Banks section under Article 44 of The Banking Act of 1948, N.J.S.A. 17:9A-315 to -332, states in pertinent part:

> Nothing in this article shall prohibit a foreign bank from
>
> . . . .

(2) contracting in this State with a banking institution to acquire, and acquiring in this State from such banking institution, a part interest in or the entire interest in any loan heretofore or hereafter made by such banking institution, together with a like interest in any security and any security instrument heretofore or hereafter given to such banking institution to secure or evidence such loan;

(3) enforcing in this State obligations heretofore or hereafter acquired by it in the transaction of business outside of this State, or in the transaction of any business authorized by paragraph (1) or (2) of this section;

(4) acquiring, holding, leasing, mortgaging, contracting with respect to, or otherwise protecting or conveying property in this State heretofore or hereafter assigned, transferred, mortgaged or conveyed to it as security for, or in whole or part satisfaction of a loan or loans made by it or obligations acquired by it in the transaction of business outside of this State, or in the transaction of any business authorized by paragraphs (1) or (2) of this section.

[N.J.S.A. 17:9A-331.]

Accordingly, plaintiff was not precluded from obtaining judgment and proceeding to a sheriff's sale even though it was not registered to do business in New Jersey pursuant to N.J.S.A. 14A:13-11.

Defendant further argues plaintiff is barred by N.J.S.A. 14A:13-20 from bringing this foreclosure action because it failed to file a business activity report in New Jersey pursuant to N.J.S.A. 14A:13-15. We disagree.

9

Our Supreme Court addressed whether a foreign bank may maintain a mortgage foreclosure action, notwithstanding its failure to comply with the filing requirements of the Corporate Business Activities Reporting Act (the Reporting Act), N.J.S.A. 14A:13-14 to -23, by not filing a notice of business activities report as required by N.J.S.A. 14A:13-15. Am. Bank & Tr. Co. of Pa. v. Lott, 99 N.J. 32, 33-34 (1985). The Court concluded that "[n]either the terms of the Reporting Act nor its legislative history suggests that the Legislature intended to include foreign banks within the definition of 'corporation' contained in N.J.S.A. 14A:13-17(b)." Id. at 35. The Court also noted that "the Reporting Act was designed to facilitate the collection of corporate taxes, an endeavor that has no application to a foreign bank." Id. at 40.

The Court held "the Legislature did not intend the Reporting Act to apply to foreign banks. Because the Reporting Act does not apply, the requirements of that Act . . . are irrelevant to the determination whether [the foreign bank] can maintain the [foreclosure] action." Id. at 34.[3] Accordingly, plaintiff's alleged failure to file a business activity report is not a bar to filing this foreclosure action and obtaining judgment.

---

[3] In reaching this decision, the Court expressly overruled Bank Leumi Trust Company v. Schneider, 188 N.J. Super. 423 (App. Div. 1982). Lott, 99 N.J. at 41.

A-0899-18T1

Defendant also contends plaintiff is barred from moving forward with the foreclosure because it did not meet the condition precedent imposed by 12 C.F.R. § 1024.41(c). We disagree.

The regulation provides that if a loan servicer receives a completed loss mitigation application more than thirty-seven days before a foreclosure sale, the servicer must, within thirty days, evaluate the borrower for all loss mitigations options available and provide the borrower with written notice "stating the servicer's determination." 12 C.F.R. § 1024.41(c)(1). Plaintiff received a completed loss mitigation application from defendant on December 29, 2017. Plaintiff gave defendant written notice that it could not offer him a loan modification and provided the other information required by the regulation in its letter dated January 2, 2018. By doing so, plaintiff timely satisfied the condition precedent imposed by the regulation. Plaintiff did not undertake the next step in the foreclosure, obtaining an alias writ of execution, until February 9, 2018. Accordingly, the motion judge correctly determined that plaintiff was not precluded from moving forward with the foreclosure.

The motion judge determined that plaintiff had standing to initiate the foreclosure since it owned or controlled the underlying debt when the complaint

was filed, citing Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011). We agree.

In order to have standing, "a party seeking to foreclose a mortgage must own or control the underlying debt." Ibid. (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Without ownership or control of the underlying debt, "the plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Ibid. "The essential holding of Raftogianis was that to establish standing to maintain a foreclosure action, a plaintiff generally must have had ownership or control of the underlying debt as of the date of the filing of the complaint." Id. at 597 n.1.

The record demonstrates that the note and mortgage were assigned by MERS to plaintiff three weeks before the complaint was filed. Plaintiff owned and controlled the note and mortgage at the time the complaint was filed, giving it standing to initiate the foreclosure. The fact that the assignment was recorded thirteen days after the complaint was filed did not affect plaintiff's standing. See EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 141 (App. Div. 2008) (noting that "[t]he fact that assignments of mortgages may be recorded does not affect the validity of an assignment of a mortgage which has not been recorded") (alteration in original) (citations omitted); 29 N.J. Practice, Law of Mortgages §

11.3, at 762 (Myron C. Weinstein) (2001) (noting an assignment of mortgage is effective even if not recorded). The motion judge correctly decided that plaintiff had standing to initiate the foreclosure.

In any event, "standing is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012).

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Based on our careful review of the record in light of the applicable principles of law, we find no basis for relief from the final judgment or sheriff's sale under Rule 4:50-1(f). Defendant has not met his burden of demonstrating a meritorious defense, see Guillaume, 209 N.J. at 467, much less demonstrated any exceptional circumstances or that a grave injustice will result if the final judgment and sheriff's sale are not vacated. The denial of defendant's Rule 4:50-1(f) motion was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0899-18T1